(June 17, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE BROWN, Appellant.— Judgment rendered on April 24, 1968, convicting defendant, after trial, of the crime of manslaughter in the first degree, manslaughter in the second degree and possession of a dangerous weapon, unanimously reversed, on the law, the facts and in the interests of justice, and a new trial ordered. We believe that the evidence at the trial presented a close question as to whether the defendant acted in self-defense. The credibility of the defendant was sharply in issue. It was for the purpose of attacking defendant's credibility that the Assistant District Attorney questioned defendant concerning the details of his 1941 conviction of rape in the second degree. The questioning did not stop there. The cross-examiner on several occasions emphasized the fact that this rape conviction arose out of an indictment for incest allegedly based on sexual relations between the defendant and his 14-year-old sister. But, as the evidence in this record discloses, the female in that case was not his sister. In fact there was no blood relationship whatever. Unfortunately, the cross-examiner did not know this at the time he questioned the defendant. It became apparent later in the trial. Nevertheless, since this kind of crime is a particularly revolting one, it is difficult to measure the exact impact that the disclosure had on the jury's evaluation of the defendant's credibility as it related to his claim of self-defense. Further, the verdicts of guilty of manslaughter in the first degree and manslaughter in the second degree are conceded by the People to be contradictory. A finding by the jury that, on the evidence presented, the defendant was guilty of one of the counts necessarily implied that it found the defendant not guilty on the other count. The trial court erred in submitting both counts to the jury with instructions that they could find defendant guilty of one or the other, or both. The charge should have been in the alternative. (*People* v. *Boddie,* 28 A D 2d 724.) None of the modifications of the verdict suggested by the People in their brief would be proper, as we believe that, under all the circumstances, a new trial should be held. Concur — Eager, J. P., Capozzoli, McGivern, McNally and Steuer, JJ.