■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RIVERA, Appellant.—Judgment, Supreme Court, Bronx County, rendered on December 9, 1975, unanimously affirmed. Concur—Lupiano, J. P., Evans and Capozzoli, JJ.; Silverman, J., concurs in the following memorandum: I agree that the defendant's conviction of murder in the second degree and manslaughter in the first degree should be affirmed. Defendant was charged with causing the death of a two-year-old child by beating the child with his belt buckle. The court submitted to the jury four charges: (a) Murder in the second degree pursuant to subdivision 2 of section 125.25 of the Penal Law —"Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another

person, and thereby causes the death of another person". (b) Manslaughter in the first degree under subdivision 1 of section 125.20 of the Penal Law— "With intent to cause serious physical injury to another person, he causes the death of such person". (c) Manslaughter in the second degree under subdivision 1 of section 125.15 of the Penal Law—"recklessly causes the death of another person". (d) Possession of a weapon (the belt) as a misdemeanor—i.e., with intent to use unlawfully against another. The jury found the defendant guilty of all charges except manslaughter in the second degree, as to which the jury found the defendant not guilty. The Judge should have, but did not, instruct the jury to consider the murder charge and the manslaughter in the second degree charge only in the alternative (CPL 300.40, subd 3, par [b]; subd 4; 300.50, subd 4). The jury's verdicts with respect to murder in the second degree and manslaughter in the second degree are, of course, logically inconsistent. The defendant could not be guilty of the murder count without also being guilty of the manslaughter in the second degree count. That, indeed, is the definition of a lesser included offense. (CPL 1.20, subd 37.) A great deal of latitude is allowed to juries in criminal cases with respect to inconsistent verdict. The verdict is to be allowed to stand unless it is " 'repugnant' ". *(People v Haymes,* 34 NY2d 639, 640.) I must say the distinction between inconsistent and repugnant verdicts has never been clear to me, except perhaps in the case where the jury verdict apparently finds the defendant both guilty and not guilty of essentially "the same crime" (e.g., *People v Bullis,* 30 AD2d 470, 472). In *People v Haymes (supra)* the Court of Appeals sustained an otherwise inconsistent verdict saying (p 640): "We could find the jury's verdicts reversibly inconsistent, or 'repugnant', only in a logical vacuum, for the record is utterly devoid of any indication that the jury's acquittal on the weapons charge, an essential element of which was intent to use unlawfully, represents a finding of lack of intent to use the gun unlawfully at the time of the shootings." The same principle, I think, can be applied here. The jury's verdict in this case can be deemed repugnant "only in a logical vacuum"; it is perfectly clear that the jury did not intend to find that the defendant was not acting recklessly with respect to beating the child. The jury was saying that this defendant was not merely reckless; but he was "evincing a depraved indifference to human life", and that the more appropriate verdict was murder rather than manslaughter in the second degree. CPL 300.50 (subd 4) provides in part: "Whenever the court submits two or more offenses in the alternative pursuant to this section, it must instruct the jury that it may render a verdict of guilty with respect to any one of such offenses, depending upon its findings of fact, but that it may not render a verdict of guilty with respect to more than one." The Judge here should have but did not so instruct the jury; but nevertheless that is essentially what the jury did; "depending upon its findings of fact," it rendered a verdict of guilty with respect to one of the offenses, murder.