*528 OPINION OF THE COURT
Kaye, J.
Where a defendant is charged with a single homicide, in an indictment containing one count of intentional murder and one count of depraved mind murder, both counts may be submitted to the jury, but only in the alternative.
After an all-night St. Patrick’s Day celebration involving the consumption of large quantities of alcohol, defendant — a veteran New York City police officer — shot and killed a fellow police officer. Defendant was charged in a single indictment with two counts of murder in the second degree. The first count accused him of intentional murder (Penal Law § 125.25 [1]), the second charged him with depraved mind murder (Penal Law § 125.25 [2]). Prior to submitting the case to the jury, the Trial Judge informed counsel of his intention to charge both murder counts as well as manslaughter in the *529 first degree (Penal Law § 125.20 [1]) as a lesser included offense of intentional murder, and manslaughter in the second degree (Penal Law § 125.15 [1]) as a lesser included offense of depraved mind murder. Defense counsel objected on the ground that such a charge would permit the jury to return two guilty verdicts — one under each count of the indictment— and requested that the murder counts be charged in the alternative, thereby allowing no more than a single verdict of guilty. The court refused. The jury retired for deliberations and, consistent with the Trial Judge’s instructions, returned a verdict convicting defendant of intentional murder (as charged in the first count of the indictment) and reckless manslaughter (the lesser included offense charged under the second count). Defendant was sentenced to 15 years to life on the murder count, and 4 to 12 years for manslaughter, to be served concurrently.
A divided Appellate Division upheld the trial court’s actions, but in the interest of justice modified the judgment by reversing the manslaughter conviction and vacating that sentence, on the theory that defendant should not be punished twice for the same criminal act (see, People v Perez, 45 NY2d 204, 209). We now determine that it was error not to charge the two counts in the alternative, and therefore reverse defendant’s conviction and order a new trial.
One who acts intentionally in shooting a person to death— that is, with the conscious objective of bringing about that result (Penal Law § 15.05 [1]) — cannot at the same time act recklessly — that is, with conscious disregard of a substantial and unjustifiable risk that such a result will occur (Penal Law § 15.05 [3]). The act is either intended or not intended; it cannot simultaneously be both. Thus, where the shooting (the act) and the death (the result) are the same, a defendant cannot be convicted twice for the murder, once for acting "intentionally” and once for acting "recklessly” (see, People v Brown, 32 AD2d 760, affd, without opn 27 NY2d 499).
It follows, therefore, that the two second degree murder counts in the present indictment — intentional murder and depraved mind murder — are inconsistent counts as defined in CPL 300.30 (5), because guilt of one necessarily negates guilt of the other. A finding that defendant committed intentional murder by killing his victim with the conscious objective of causing his death precludes the inconsistent finding that defendant at the same time committed depraved mind murder *530 by recklessly and thus unintentionally killing that same victim under circumstances evincing a depraved indifference to human life. By no rational theory could the jury have found defendant guilty of both crimes.
CPL 300.40 (5) provides that "[i]f an indictment contains two inconsistent counts, the court must submit at least one thereof’ and that if "a verdict of guilty upon either would be supported by legally sufficient trial evidence, the court may submit both counts in the alternative and authorize the jury to convict upon one or the other depending upon its findings of fact. In such case, the court must direct the jury that if it renders a verdict of guilty upon one such count it must render a verdict of not guilty upon the other.” Thus, if the court elects to charge the two inconsistent counts, it must do so in the alternative; it may not permit the jury to find the defendant guilty of both. Here the Trial Judge properly charged both counts but improperly refused to submit them in the alternative. This error permitted the jury to sidestep its responsibility of deciding which (if either) mental state defendant possessed at the time of the shooting. Because the jury found defendant guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of defendant’s mental state at the time of the offense. A new trial is therefore required.
We reject the People’s contention that because defendant, as a result of the Appellate Division modification, now stands convicted of only one crime — intentional murder — any prejudice flowing from a double verdict has been eliminated and the order below should be affirmed. It is not for the Appellate Division in the first instance to determine whether defendant acted intentionally or recklessly at the time of the crime. That is the jury’s function. Because the jury here failed to make the critical determination of defendant’s mental state, an omission that cannot be cured by the Appellate Division’s exercise of interest of justice jurisdiction, the error has not been rendered academic.
This result, reached by the application of simple logic and common sense as well as statutory and decisional law, is not— as the People suggest — precluded by the law relating to lesser included offenses within a single count of an indictment. The People point particularly to People v Glover (57 NY2d 61), People v Green (56 NY2d 427) and the "kaleidoscopic” degrees of mental culpability found in Penal Law § 15.05 (People v Green, 56 NY2d, at 432, supra), urging that this court has *531 recognized that where two crimes requiring the same act and result differ only as to the requisite mental state, it is impossible to commit the crime requiring the higher mental state without concomitantly committing the lesser crime (id.; CPL 1.20 [37]). Such an argument, however, overlooks the quite different context of that rule. Lesser included offenses of a single count must be charged in the alternative. The accused by definition cannot be found to have had more than one of the mental states on the kaleidoscope of culpable mental states, and the trier of fact must determine which one is applicable. As we made clear in Green, that rule as applied to lesser included offenses was adopted in part to benefit the accused — enabling the trier of fact to extend mercy by providing a less drastic choice than acquittal or conviction of the crime charged — as well as the State — preventing an empty prosecution where some element of the crime charged was not made out (id., at 433).
The mere statement of the rule and its rationale make plain its inapplicability to the present situation. Here the jury was not asked to find one mental state or the other, as in the case of lesser included offenses that must be charged in the alternative (see, CPL 300.50 [1]). Rather, it was permitted to find two. Where there is but one shooting and one death, it follows that allowing two convictions can be no favor or benefit to the accused; it confers an unintended advantage on the prosecution, enabling the People to secure a double conviction instead of simply protecting against an empty prosecution; and it allows the jury to avoid determining the key issue of mens rea.
In view of the result reached, we do not consider the alternative theory advanced by defendant that depraved mind murder is an "inclusory concurrent count” of intentional murder (CPL 300.40 [3] [b]). Additionally, because a new trial is required, we need not and do not pass on the additional trial errors alleged by defendant.
The People’s cross appeal taken from the Appellate Division’s reversal of the reckless manslaughter conviction must be dismissed because it was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to * * * modification” (CPL 450.90 [2] [a]). Thus, only the indictment for intentional murder in the second degree is left for further proceedings.
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.