■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MOLOI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered November 25, 1985, convicting him of assault in the first degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for reckless endangerment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The evidence indicates that in the early morning of June 9, 1984, the defendant, after having severely beaten the complaining witness at the apartment which they shared, threw a pot of boiling oil at her, causing her to suffer permanent scarring. This evidence was legally sufficient to establish that the defendant's actions were committed both with an intent to cause serious physical injury to the victim *(see,* Penal Law § 120.10 [1]; § 10.00 [10]) and with a conscious disregard for the risk of death which such conduct created *(see,* Penal Law § 120.10 [3]; § 15.05 [3]). The defendant does not argue, in any event, that the evidence at trial was legally insufficient to support the jury's verdict. Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

On appeal, the defendant does argue that the conviction of assault in the first degree based upon the reckless creation of a risk of death (Penal Law § 120.10 [3]) should not be permitted to stand together with the conviction for assault in the first degree based upon the intentional infliction of serious physical injury (Penal Law § 120.10 [1]). We see no merit to this argument.

It must first be noted that, after the trial court announced its intention to submit all of the counts contained in the indictment to the jury, defense counsel raised no objection based upon any supposed inconsistency between the various

counts (see, CPL 300.30 [5]) and did not request an instruction directing the jury to find the defendant not guilty of any particular count upon a finding of guilty on any other count (see, CPL 300.40 [5]). Further, counsel did not raise any issue of repugnancy in the verdict, either before or after the jury had been discharged. We therefore do not consider this issue properly preserved for appellate review (see generally, People v Ford, 62 NY2d 275, 282-283; People v Weissinger, 104 AD2d 917, 918 [error in submission of lesser included offense not jurisdictional]; see also, People v Satloff, 56 NY2d 745, 746, rearg denied 57 NY2d 674 [claim of repugnancy waived where no objection is raised prior to the discharge of the jury]).

In any event, with respect to the merits of this argument, it is clear that since the definition of intentional assault in the first degree includes certain elements which are not contained in the crime of reckless assault in the first degree (e.g., the intent to seriously injure, the use of a dangerous instrument), and that the crime of reckless assault in the first degree likewise includes elements not included in the definition of intentional assault in the first degree (e.g., the reckless creation of a risk of death, circumstances evincing a depraved indifference to human life) (cf., Penal Law § 120.10 [1], [3]), the counts of the indictment charging the defendant with these two crimes, based on the same act, cannot be considered "inclusory concurrent counts" (see, CPL 300.30 [4]; 1.20 [37]). Therefore, the defendant's conviction on one count did not operate to require a dismissal of the other (see, CPL 300.40 [3] [b]; People v Lee, 39 NY2d 388, mot denied 39 NY2d 808; cf., People v Perez, 45 NY2d 204).

Furthermore, the two counts of assault in the first degree are not "inconsistent counts", since a conviction of one would not necessarily negate the defendant's guilt of the other (see, CPL 300.30 [5]; People v Gallagher, 69 NY2d 525, revg 116 AD2d 299). That a defendant may have committed an act with the intent to seriously injure another person does not rule out the possibility that he may have also unintentionally (and recklessly) created a risk of such person's death, since not all "serious" injuries are necessarily life threatening (see, Penal Law § 10.00 [10]). Thus, it is clear that a defendant could hypothetically engage in conduct which intentionally results in serious physical injury, and unintentionally creates a grave risk of death; indeed, the jury in the present case is fully justified in having found that the defendant engaged in just that sort of conduct. The two counts of assault in the first degree are thus not inconsistent (see generally, People v Nyem-

*chek,* 131 AD2d 512 [guilt of assault in the second degree based on intent to injure not inconsistent with guilt of assault in the first degree based on unintentional and reckless creation of a risk of death]).

The defendant also argues that the court erred in admitting photographs showing the condition of the victim shortly after the incident. We find no abuse of discretion in this ruling *(see, People v Bell,* 63 NY2d 796, 797; *People v Pobliner,* 32 NY2d 356, 370, *cert denied* 416 US 905; *People v Sims,* 110 AD2d 214, 222, *lv denied* 67 NY2d 657). We also find that the imposition of the maximum sentence available under law was fully justified in light of the facts of this case.

Finally, we agree with the People, who concede on appeal that the trial court should have dismissed the count of reckless endangerment in the first degree in light of the jury's verdict of guilty on the count of reckless assault in the first degree. The former is a lesser included offense with respect to the latter *(see,* CPL 1.20 [37]; 300.40 [3] [b]; *People v Gutierrez,* 105 AD2d 754, 755; *People v Wilson,* 103 AD2d 762). Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.