OPINION OF THE COURT
Martin H. Rettinger, J.
The following constitutes an elaboration of the reasons for the court’s previously rendered oral decision denying the defendant’s motion to set aside the verdict of the jury.
*123 A three-count indictment was filed against the defendant charging him with murder in the second degree under an intentional murder theory (Penal Law § 125.25 [1]); murder in the second degree by means of recklessly engaging in conduct which created a grave risk of death and caused the death of another person under circumstances evincing a depraved indifference to human life (Penal Law § 125.25 [2]); and criminal possession of a weapon in the third degree, to wit, a loaded gun (Penal Law § 265.02). The basis of these charges was the allegation that the defendant had caused the death of his common-law wife by shooting her with a gun.
At the conclusion of the presentation of the evidence at trial, the court entertained motions for the submission of lesser included offenses for the jury’s consideration pursuant to CPL 300.50. The court ruled that the jury would be instructed with respect to manslaughter in the first degree (Penal Law § 125.20 [1]) and manslaughter in the second degree (Penal Law § 125.15 [1]) as lesser included offenses under the first count, which charged intentional murder.
Penal Law § 125.20 (1) provides that a person is guilty of manslaughter in the first degree when he intentionally causes serious physical injury to another person and thereby causes the death of such a person. Penal Law § 125.15 (1) states that a person is guilty of manslaughter in the second degree when he recklessly causes the death of another person.
The jury was instructed that the first count of intentional murder and the lesser included charges of manslaughter in the first and second degrees were all to be considered in the alternative. Only in the event that they acquitted or were unable to agree as to the defendant’s guilt of the first count were they to consider the lesser charge of manslaughter in the first degree. Similarly, they were instructed to consider the remaining lesser charge of manslaughter in the second degree only if they acquitted or were unable to agree as to the defendant’s guilt of manslaughter in the first degree.
In addition, the court ruled that the charge of reckless manslaughter in the second degree would also be submitted to the jury as a lesser included offense of the second count of the indictment, which accused the defendant of murder in the second degree under the depraved mind-reckless indifference theory.
Pursuant to the holding in People v Gallagher (69 NY2d 525) the jury was instructed to consider count number two, *124 murder in the second degree under the depraved mind-reckless indifference to human life theory, only if they acquitted or were unable to agree as to the defendant’s guilt of intentional murder as charged in the first count. They were further instructed to consider the lesser included charge of manslaughter in the second degree under the second count only in the event they acquitted or were unable to agree as to the defendant’s guilt of depraved mind murder.
The jury found the defendant guilty of manslaughter in the first degree as a lesser included charge under the first count; and guilty of manslaughter in the second degree as a lesser included charge under the second count; and guilty of criminal possession of a weapon in the third degree as charged in the third count.
Upon the rendition of this verdict, defense counsel made a motion, joined in by the prosecutor, for the court to instruct the jury to reconsider their verdict pursuant to CPL 310.50 on the ground that the guilty verdicts on both manslaughter in the first and second degrees were inconsistent as a matter of law pursuant to the holding in People v Gallagher (69 NY2d 525, supra). The court denied the motion and permitted the verdict to stand based upon its analysis of Gallagher and the recent case law in this area.
In Gallagher (supra) the defendant was charged with one count of intentional murder and one count of depraved mind murder. Both charges were based upon his causing the death of a fellow police officer by means of shooting him. In addition to these two counts of murder in the second degree the Trial Judge submitted to the jury the charge of manslaughter in the first degree as a lesser included charge under the intentional murder count and the charge of manslaughter in the second degree (reckless manslaughter) as a lesser included charge of depraved mind murder under the second count.
The jury returned a verdict convicting the defendant of intentional murder as charged in the first count and of manslaughter in the second degree (reckless manslaughter) as a lesser included charge of the second count.
The Court of Appeals held that the Trial Judge had committed reversible error in not submitting the intentional murder count and the depraved mind murder count in the alternative. Due to this failure to charge these different theories of murder in the alternative, the jury in accordance with their instructions found the defendant guilty of both intentionally causing *125 the death and recklessly causing the death, an inconsistent and illogical result.
The court reasoned that:
"One who acts intentionally in shooting a person to death— that is, with the conscious objective of bringing about that result (Penal Law § 15.05 [1]) — cannot at the same time act recklessly — that is, with conscious disregard of a substantial and unjustifiable risk that such a result will occur (Penal Law § 15.05 [3]). The act is either intended or not intended; it cannot simultaneously be both. Thus, where the shooting (the act) and the death (the result) are the same, a defendant cannot be convicted twice for the murder, once for acting 'intentionally’ and once for acting 'recklessly’ (see, People v Brown, 32 AD2d 760, affd without opn 27 NY2d 499).
"It follows, therefore, that the two second degree murder counts in the present indictment — intentional murder and depraved mind murder — are inconsistent counts as defined in CPL 300.30 (5), because guilt of one necessarily negates guilt of the other. A finding that defendant committed intentional murder by killing his victim with the conscious objective of causing his death precludes the inconsistent finding that defendant at the same time committed depraved mind murder by recklessly and thus unintentionally killing that same victim under circumstances evincing a depraved indifference to human life. By no rational theory could the jury have found defendant guilty of both crimes.” (69 NY2d, supra, at 529-530.)
By erroneously failing to charge in the alternative, the Trial Judge "permitted the jury to sidestep its responsibility of deciding which (if either) mental state defendant possessed at the time of the shooting. Because the jury found defendant guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of defendant’s mental state at the time of the offense” (supra, at 530).
A new trial was therefore ordered solely on the intentional murder count that survived the jury’s verdict for retrial, immune from a double jeopardy attack (see, People v Mayo, 48 NY2d 245).
In People v Claudio (135 AD2d 358) the defendant, as in the case at bar, was charged with intentional murder and depraved indifference murder. He was accused of clubbing the victim to death with a baseball bat. The Trial Judge submitted to the jury manslaughter in the first degree as a lesser *126 included offense of the intentional murder count and manslaughter in the second degree (reckless manslaughter) as a lesser included offense of the depraved indifference murder count. The two murder counts were submitted in the conjunctive, rather than in the alternative, as the case was tried prior to the Court of Appeals decision in Gallagher (supra). The defendant was convicted by the jury of manslaughter in the first and second degrees and sentenced to concurrent terms of imprisonment. The Appellate Division of the First Judicial Department reversed the conviction of manslaughter in the first degree because the Trial Judge erroneously failed to grant the defendant’s request to submit manslaughter in the second degree (reckless manslaughter) as a lesser included offense under the first count of intentional murder. The Trial Judge had denied this request on the ground that the charge of manslaughter in the second degree was presented for the jury’s consideration under the second count and that to charge it twice would confuse the jury.
This rationale for refusing the defendant’s request was rejected as unsupported in law on appeal. The court held that as there was a reasonable view of the evidence that the defendant had committed reckless manslaughter but not the greater offenses of manslaughter in the first degree or intentional murder under the first count, he was entitled to have reckless manslaughter submitted to the jury under the first count as well.
The court expressly held that reckless manslaughter is a lesser included offense of intentional murder, supported by a citation to People v Green (56 NY2d 427, 433). Contrary to defense counsel’s position in the case at bar, the court, in this post-Gallagher decision, implicitly found that a conviction for reckless manslaughter and for manslaughter in the first degree would not be inherently repugnant and inconsistent. If, as defense counsel urges, a finding of reckless manslaughter by the jury negatives the intentional mens rea element of manslaughter in the first degree, i.e., intentional causation of serious physical injury, it would fail the statutory test as a lesser included offense of manslaughter in the first degree under CPL 1.20 (37). This statute defines a "lesser included offense” as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ ”
Obviously, if the court agreed with defense counsel’s current *127 position, it would be impossible for it to have found reckless manslaughter as a lesser included offense of manslaughter in the first degree and intentional murder.
Further support for the denial of the defendant’s motion is found in the decision by the Appellate Division of the Second Judicial Department in People v Moloi (135 AD2d 576, lv denied 70 NY2d 1009). In that case, the defendant was accused of severely beating the victim in an apartment they shared, throwing a pot of boiling oil at her and causing her permanent scarring. He was convicted by a jury of two counts of assault in the first degree, i.e., intentionally causing serious physical injury by means of a dangerous instrument (Penal Law § 120.10 [1]) and causing serious physical injury by recklessly engaging in conduct which creates a grave risk of death to another person under circumstances evincing a depraved indifference to human life (Penal Law § 120.10 [3]). In addition, the defendant was found guilty of reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree.
On appeal, the defendant argued the convictions on the two counts of assault in the first degree were repugnant and inconsistent. The court initially rejected the defendant’s arguments on the ground that no objection had been raised at the appropriate times before the Trial Judge. Therefore, the issue was not properly preserved for appellate review. However, the court went on to discuss and to reject in toto the defendant’s arguments on the merits, as follows: "Furthermore, the two counts of assault in the first degree are not 'inconsistent counts’, since a conviction of one would not necessarily negate the defendant’s guilt of the other (see, CPL 300.30 [5]; People v Gallagher, 69 NY2d 525, revg 116 AD2d 299). That a defendant may have committed an act with the intent to seriously injure another person does not rule out the possibility that he may have also unintentionally (and recklessly) created a risk of such person’s death, since not all 'serious’ injuries are necessarily life threatening (see, Penal Law § 10.00 [10]). Thus, it is clear that a defendant could hypothetically engage in conduct which intentionally results in serious physical injury, and unintentionally creates a grave risk of death; indeed, the jury in the present case is fully justified in having found that the defendant engaged in just that sort of conduct. The two counts of assault in the first degree are thus not inconsistent”. (Supra, at 577.)
The jury in the present case by its verdict found that when *128 the defendant shot his wife he intended only to cause her serious physical injury, not death. The jury further simultaneously and consistently found that when he shot her he recklessly caused the death, as he consciously disregarded a substantial and unjustifiable risk that the shooting would cause her death (Penal Law § 15.05 [3]), albeit he only intended the shot to inflict no more than serious physical injury. This is a logical result in complete comportment with the reasoning of Moloi (supra) quoted above.
Based upon the foregoing judicial authorities, it is clear that the jury’s convictions of the defendant of manslaughter in the first and second degrees were not inconsistent or repugnant. The defendant’s motion to set aside the verdict was accordingly denied.