■ The People of the State of New York, Respondent, v Lowell Finkelstein, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered October 21, 1986, convicting defendant, after a nonjury trial, of manslaughter in the first degree and manslaughter in the second degree and sentencing him to concurrent, indeterminate terms of imprisonment of from 8 to 24 years and 5 to 15 years, respectively, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reversing the conviction for manslaughter in the second degree, vacating the sentence imposed thereon and dismissing the second count of the indictment and, as so modified, otherwise affirmed.

It is axiomatic that a person cannot be convicted of two contradictory manslaughter charges with respect to one homicide. One who acts intentionally in causing the death of a person (manslaughter in the first degree [Penal Law § 125.20 (1)]) cannot at the same time act recklessly in causing the same death (manslaughter in the second degree [Penal Law § 125.15 (1)]; see, People v Gallagher, 69 NY2d 525, 529; see also, People v Ramirez, 76 AD2d 115, 118).

When inconsistent or contradictory counts of an indictment are submitted to a jury, the court should submit them in the alternative rather than the conjunctive and direct the jury that if it renders a guilty verdict on one count, it must render a verdict of not guilty upon the other (People v Brown, 32 AD2d 760, affd without opn 27 NY2d 499; see also, People v Claudio, 135 AD2d 358, 359; CPL 300.40 [5].) The same rule applies where an indictment is tried by the court sitting without a jury (CPL 320.20 [5]).

Thus, after finding defendant guilty of first degree or intentional manslaughter, the trial court should have found him not guilty of second degree or reckless manslaughter. "The act is either intended or not intended; it cannot simultaneously be both". (People v Gallagher, supra, 69 NY2d, at 529.)

While, generally, the issue of inconsistent verdicts is not preserved for review unless raised prior to the discharge of the jury, when any infirmity might be remedied by resubmission of its verdict to the jury for reconsideration (People v Stahl, 53 NY2d 1048, 1050), the same considerations would seem not to apply in the case of a nonjury trial. (See, United States v Maybury, 274 F2d 899; People v Tucker, 55 NY2d 1, 6,

n 3.) In the instant case, although the issue was not raised prior to its verdict, the trial court, at sentencing, expressed its doubt as to whether defendant was properly convicted of both counts and left it to this court to resolve the question.

Accordingly, under the circumstances, we act in the interest of justice to correct a patently contradictory verdict. We have examined the other points raised by defendant and find them without merit. Concur—Murphy, P. J., Kupferman, Ross, Ellerin and Wallach, JJ.