THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MENTHORN W. ROBINSON, III, Appellant.

Fourth Department, February 17, 1989

APPEARANCES OF COUNSEL

*Edward J. Nowak (Peter Pullano* of counsel), for appellant.

*Howard R. Relin, District Attorney (Melvin Bressler* of counsel), for respondent.

### OPINION OF THE COURT

DILLON, P. J.

Defendant was charged in a two-count indictment with intentional murder in the second degree (Penal Law § 125.25 [1]) and depraved mind murder in the second degree (Penal Law § 125.25 [2]). The People offered proof at trial that on January 19, 1985 defendant punched and kicked the victim into a state of unconsciousness, bound him with electrical cord, transported him to a public park and abandoned him there on the snow-covered ground. The medical examiner testified that the victim died of hypothermia.

Following the court's charge to the jury and before deliberations began, defendant excepted to the court's instructions concerning possible jury verdicts. He argued that the murder counts must be submitted to the jury in the alternative. After colloquy among the court and counsel which left the issue unresolved, the court recalled the jury for further instructions but again failed to submit the murder counts in the alternative. The jury found defendant guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) as a lesser included offense of intentional murder and also found him guilty of depraved mind murder as charged in the second count of the indictment.

■ There must be a reversal and a new trial because the charge was erroneous. The two second degree murder counts charged in the indictment are inconsistent counts as defined in CPL 300.30 (5). "Where a defendant is charged with a single homicide, in an indictment containing one count of intentional murder and one count of depraved mind murder, both counts may be submitted to the jury, but only in the alternative" *(People v Gallagher,* 69 NY2d 525, 528). "Submission of a count" of an indictment is a term which is statutorily defined. It means "submission of the offense charged therein, or of a lesser included offense, or submission in the

alternative of both the offense charged and a lesser included offense or offenses" (CPL 300.30 [1]). Thus, when the court elects to submit two inconsistent counts of an indictment to a jury, each count and its appropriate lesser included offenses must be submitted in the alternative to each other *(see also,* CPL 300.50 [1]) and in the alternative as well to the other count and its appropriate lesser included offenses.

When two inconsistent counts are submitted to the jury, "the court must direct the jury that if it renders a verdict of guilty upon one such count it must render a verdict of not guilty upon the other" (CPL 300.40 [5]). The jury should have been instructed, therefore, that defendant could be found guilty of either intentional murder or depraved mind murder or a lesser included offense of either one.

The dissent is premised upon the plausible, but flawed, notion that defendant's acts can simultaneously be intentional and reckless. We believe that the Court of Appeals made it clear in *People v Gallagher* (69 NY2d 525, *supra)* that the two culpable mental states are mutually exclusive. A jury must decide "which (if either) mental state defendant possessed at the time" of the acts which caused the death *(supra,* at 530). Here, as in *Gallagher,* "[b]ecause the jury found defendant guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of defendant's mental state at the time of the offense" *(supra,* at 530).* It follows that, as in *Gallagher,* a new trial is required.

■ Since defendant was acquitted of intentional murder in the second degree, further prosecution of that charge is barred by double jeopardy *(see, People v Gonzalez,* 61 NY2d 633). That count of the indictment is, therefore, dismissed, with leave to the People to re-present any appropriate charge to another Grand Jury. A new trial is granted on the depraved mind murder count of the indictment.

In view of that result, there is no need to review the other issues raised by defendant on appeal.

---

* In equating the verdict in *Gallagher* with the verdict here, we recognize that the intentional homicide of which Gallagher was found guilty was murder in the second degree (Penal Law § 125.25 [1]). This defendant's conviction of manslaughter in the first degree (Penal Law § 125.20 [1]) is also a conviction of intentional homicide (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 125, at 488; *People v Willis,* 107 AD2d 1058, 1059 [Hancock, Jr., and Denman, JJ., dissenting on other grounds]) and thus the language of *Gallagher* applies with equal force to this verdict.

Accordingly, the judgment should be reversed and a new trial granted.

BOOMER, J. (dissenting). I respectfully dissent. The jury's verdict of guilty of depraved mind murder (Penal Law § 125.25 [2]) and manslaughter in the first degree (Penal Law § 125.20 [1]) is neither repugnant nor inconsistent and should be allowed to stand. The People proved beyond a reasonable doubt that defendant beat the victim into a state of unconsciousness and dumped him in six inches of snow, in a remote area, where he died of hypothermia. Based on these facts, the jury rationally and consistently found that defendant did not act with the intent to kill the victim, but acted instead with the intent to cause "serious physical injury" (Penal Law § 125.20 [1]) and at the same time acted recklessly under circumstances evincing a depraved indifference to human life (Penal Law § 125.25 [2]).

"That a defendant may have committed an act with the intent to seriously injure another person does not rule out the possibility that he may have also unintentionally (and recklessly) created a risk of such person's death, since not all 'serious' injuries are necessarily life threatening *(see,* Penal Law § 10.00 [10])." *(People v Moloi,* 135 AD2d 576, 577, *lv denied* 70 NY2d 1009; *see also, People v Rodgers,* 140 Misc 2d 122.) Moreover, even when a defendant intends to inflict injury "which creates a substantial risk of death" (Penal Law § 10.00 [10]), he may lack the intent to kill and, nevertheless, act recklessly to cause death. The culpable mental state of recklessness is defined as acting "with respect to a result * * * described by a statute defining an offense [here, causing death] when he [the actor] is aware of and consciously disregards a substantial and unjustifiable risk that such result [death] will occur" (Penal Law § 15.05 [3]). Thus, by definition, acting with the intention to cause injury which creates a substantial risk of death and which results in death is compatible with recklessly causing death.

*People v Rodgers (supra)* provides a clear analogy to the facts in this case. "The jury in the present case by its verdict found that when the defendant shot his wife he intended only to cause her serious physical injury, not death. The jury further simultaneously and consistently found that when he shot her he recklessly caused the death, as he consciously disregarded a substantial and unjustifiable risk that the shooting would cause her death (Penal Law § 15.05 [3]), albeit he

only intended the shot to inflict no more than serious physical injury." *(People v Rodgers, supra,* at 127-128.)

The majority faults the notion that "defendant's acts can simultaneously be intentional and reckless" by asserting that "the two culpable mental states are mutually exclusive." This assertion is only partially true. As *People v Gallagher* (69 NY2d 525) indicates, it is true only when the two culpable mental states concern the same result. A person cannot act with the conscious objective of causing death and, at the same time, act "with conscious disregard of a substantial and unjustifiable risk that such a *result* will occur" *(People v Gallagher, supra,* at 529; emphasis added). A person can, however, act with the intent to cause one result (here, serious physical injury) and simultaneously and consistently act recklessly to cause another and unintended result (here, death) *(see, e.g., People v Fenner,* 61 NY2d 971; *People v Paxhia,* 140 AD2d 962, *lv denied* 72 NY2d 960; *People v Brensic,* 119 AD2d 281, *revd on other grounds* 70 NY2d 9; *People v Rivera,* 59 AD2d 675).

In *People v Holloway* (130 AD2d 933, 934, *lv denied* 70 NY2d 751), we rejected "defendant's contention that because he intended to cause harm, he did not act recklessly" *(see, People v Usher,* 39 AD2d 459, *affd* 34 NY2d 600). We held: "Manslaughter in the second degree includes intentional conduct undertaken in gross disregard of a risk of death *(People v Walker,* 58 AD2d 737, 738)". *(People v Holloway, supra,* at 934.)* A fleeing felon may shoot and kill a police officer, intending not to kill the officer, but to disable him. Thus, he can consistently act with conscious disregard of the substantial risk of killing the officer and also with the intent to inflict injury that substantially jeopardizes the officer's life or health. Again, an enraged father may severely beat his child with a belt buckle, intending to punish the child by inflicting serious physical injury, and at the same time be aware of and consciously disregard a substantial risk that his act may cause death *(see, People v Rivera, supra).*

The majority would reverse the conviction because the court's charge disregarded the holding of *People v Gallagher (supra,* at 528): "Where a defendant is charged with a single homicide, in an indictment containing one count of intentional murder and one count of depraved mind murder, both counts may be submitted to the jury, but only in the alternative." Here, defendant was charged with both intentional murder and depraved mind murder and the court refused defendant's

request to charge the counts in the alternative. This was improper because the two counts are inconsistent. "One who acts intentionally in shooting a person to death—that is, with the conscious objective of bringing about that result (Penal Law § 15.05 [1])—cannot at the same time act recklessly—that is, with conscious disregard of a substantial and unjustifiable risk that such a result will occur" *(People v Gallagher, supra,* at 529).

In *Gallagher (supra,* at 530), the "error permitted the jury to sidestep its responsibility of deciding which (if either) mental state defendant possessed at the time of the shooting. Because the jury found defendant guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of defendant's mental state at the time of the offense." Here, unlike in *Gallagher,* any error in failing to instruct the jury to consider the two murder counts in the alternative was cured by the action of the jury which brought back a verdict acquitting defendant of intentional murder. Although the court should have instructed the jury to consider the two murder charges in the alternative, "that is essentially what the jury did" *(People v Rivera,* 59 AD2d 675, 676, *supra).* The jury did not sidestep its responsibility of deciding what mental state defendant possessed at the time of his acts and we can determine precisely what it decided on the issue of defendant's mental state at the time of the offense. In finding defendant not guilty of intentional murder but guilty of depraved mind murder, it found that defendant did not possess the intent to kill but, instead, acted recklessly with depraved indifference to human life. In finding defendant guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) as a lesser included offense of intentional murder, it also found that defendant acted with the intent to cause serious physical injury, a state of mind not inconsistent with reckless and depraved indifference to human life.

The Legislature has directed us to decide this appeal "without regard to technical errors or defects which do not affect the substantial rights of the parties." (CPL 470.05 [1]; *People v Remington,* 38 AD2d 882, *affd sub nom. People v Kizer,* 33 NY2d 702.) Because the jury rendered a consistent verdict, the error of the court in failing to submit the two murder counts in the alternative was a technical error which did not affect the substantial rights of defendant. He was not deprived of the right to have the jury decide which mental state he

possessed at the time of his acts and he has cited no other prejudice that could possibly have resulted therefrom.

The majority concludes that because the two murder counts named in the indictment are inconsistent, the court must charge all offenses submitted to the jury in the alternative so that it may not be permitted to find a defendant guilty of offenses, including inclusory concurrent offenses, under both of the counts. This conclusion is not supported by the language of CPL 300.30, 300.40, and 300.50 or by the rationale of these sections. These sections require the court to submit inconsistent counts as well as inclusory concurrent counts in the alternative. Submission of a count means "submission of the offense charged therein, *or of a lesser included offense*" (CPL 300.30 [1]; emphasis added). In submitting the offense of manslaughter in the first degree, the court was required to submit it as an alternative to the offense of intentional murder because it was a lesser included offense of intentional murder. Since, however, it was neither a lesser included offense of the offense of depraved mind murder nor inconsistent with that offense, the court was not required to charge it as an alternative to the offense of depraved mind murder. The Legislature has countenanced the existence of two offenses arising out of the same acts where the offenses are not inconsistent and where the lesser crime requires proof, as here, of an element not required by the greater *(see, People v Acevedo,* 40 NY2d 701).

The construction given to the statute by the majority leads to incongruous results. Had the indictment charged defendant with the offenses of both depraved mind murder and manslaughter in the first degree, the counts would not have been inconsistent or inclusive, the court would not have been required to charge them in the alternative, and the jury could have properly convicted defendant of both. Why then, as the majority holds, must the two offenses be charged in the alternative when manslaughter in the first degree is charged as a lesser included offense of intentional murder? Conversely, when two counts named in the indictment are consistent and not inclusory and need not be charged in the alternative, why should it be proper to refuse to charge in the alternative a lesser included offense of one, which is inconsistent with the other? The only rational construction of the statute requires that the court consider each offense submitted to the jury with relation to each of the others, not that it consider only the counts named in the indictment with relation to each other.

The statement in the concurring opinion of Judge Bellacosa in *Gallagher* (69 NY2d 525, *supra)* has no application here. Relying upon his theory that depraved mind murder is a lesser included offense of intentional murder, Judge Bellacosa concludes: "In addition to the lesser included count alternative instructions which the defendant got, he was also entitled to have the jury told that he could be found guilty of *either* intentional murder *or* depraved indifference murder or some lesser count of either one." *(People v Gallagher, supra,* at 533.) This theory leads to the logical conclusion that the lesser included offenses of reckless manslaughter and criminally negligent homicide, as well as depraved mind murder, should all be charged in the alternative ·to each other as well as to the offense of intentional murder because the "lesser culpable mental state, recklessness *(see, People v Register,* 60 NY2d 270, 278), is subsumed under the highest culpable mental state known to the criminal law—intent" *(People v Gallagher, supra,* at 532). But, as Judge Bellacosa recognized, "some situations will never precisely fit" *(People v Gallagher, supra,* at 535). This is such a situation.

Here, while the other lesser included offenses of intentional murder are also lesser included offenses of depraved mind murder because they require lesser culpable mental states, manslaughter in the first degree is the exception. It requires an element of intent which cannot be subsumed under the lesser culpable mental state of recklessness. Thus, because the two offenses are not inconsistent and because the greater does not include the lesser, they are not mutually exclusive and need not be charged in the alternative.

Even if it could be said that the offense of manslaughter in the first degree is a lesser included offense of depraved mind murder, reversal is not required. The remedy is dismissal of the conviction of the lesser included offense *(see, People v Acevedo,* 40 NY2d 701, 707, *supra; People v Grier,* 37 NY2d 847, 848; *People v Albino,* 104 AD2d 317; *affd* 65 NY2d 843).

Moreover, defendant did not object to the submission of the offenses of manslaughter in the first degree and depraved mind murder without an instruction that they be submitted in the alternative. His objection was only that the two counts of murder were inconsistent and should have been submitted in the alternative. Thus, he has not preserved the issue for our review as a matter of law. He did move, after the verdict, to set it aside as inconsistent or repugnant but, as discussed above, the verdict was neither inconsistent nor repugnant.

One other issue raised by defendant requires resolution. After the jury was selected, defense counsel moved for a mistrial claiming that the prosecutor had improperly excluded members of defendant's race from the jury. Based on the law at the time of the trial *(see, Swain v Alabama,* 380 US 202), the court noted that the prosecutor was not required to explain the reasons for the exercise of his peremptory challenges. The United States Supreme Court, in *Batson v Kentucky* (476 US 79), has since changed the law and, as conceded by the prosecutor, a hearing is required to determine whether the prosecutor had reasons, other than racial, for the exercise of his peremptory challenges *(see, People v Knight,* 134 AD2d 845; *People v James,* 132 AD2d 932).

BALIO, LAWTON and DAVIS, JJ., concur with DILLON, P. J.; BOOMER, J., dissents in an opinion and votes to hold the case, reserve decision, and remit the matter to Monroe County Court for a hearing pursuant to *Batson v Kentucky* (476 US 79).

Judgment reversed, on the law, and new trial granted.