■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 20, 1987, convicting him of murder in the second degree, manslaughter in the first degree, and assault in the second degree, upon a jury verdict, and imposing consecutive indeterminate terms of 25 years' to life imprisonment, 8⅓ to 15 years' imprisonment, and 2⅓ to 7 years' imprisonment, respectively.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment for murder in the second degree and manslaughter in the first degree shall run concurrently with one another; as so modified, the judgment is affirmed.

The defendant Jay Taylor was jointly tried before a jury with his codefendant Patricia Salley and convicted of murder and related charges in connection with the fatal beating of three-year-old Kenneth Crespo. Beginning in the summer of

1986, Kenneth, the son of the defendant's estranged wife and her paramour, lived in a residential hotel in Brooklyn with the defendant, Salley and five other children. The trial evidence revealed that during the period prior to his death Kenneth was subjected to periodic brutal beatings by the defendant culminating in an incident on or about August 18, 1986, in which the defendant crushed Kenneth's leg with his foot, fracturing his femur. Kenneth died two days later. The Medical Examiner testified that Kenneth's death resulted from the combined effect of numerous bodily wounds and internal bleeding.

The defendant contends that the trial court's discharge of a juror violated his constitutional and statutory rights to a trial by jury. On her appeal to this court, the codefendant Salley raised this same issue (see, People v Salley, 153 AD2d 704). In rejecting her claim we ruled that the discharge was proper because the trial court had made a reasonably thorough inquiry of the particular juror with respect to the nature of her illness, and had recited on the record the facts and reasons for invoking the statutory authorization (see, CPL 270.35) of discharging and replacing a juror based on continued unavailability. The defendant has provided no argument which would persuade this court to abandon its earlier holding. Accordingly, we adhere to our determination that the court did not err in discharging the juror (see, People v Washington, 72 NY2d 69, affg 131 AD2d 118; People v Salley, supra; People v Medina, 152 AD2d 602).

Equally without merit is the defendant's pro se contention that the court erred in failing to charge the jury on the counts of murder in the second degree (Penal Law § 125.25 [2]) and manslaughter in the first degree (Penal Law § 125.20 [1]) in the alternative rather than in the conjunctive. The defendant relies upon People v Gallagher (69 NY2d 525, 530) which held that an accused cannot simultaneously intend an act and recklessly cause that same act. Here, unlike in Gallagher, the two counts charging depraved-mind murder and manslaughter in the first degree requiring the mental state of intentionally causing serious physical injury, involved distinct, albeit somewhat overlapping, courses of conduct occurring over several days. Although the defendant is charged with a single homicide, differing culpable mental states leading to Kenneth's death may have existed at different times over the course of those days. The defendant's intent to cause serious physical injury to the child when he repeatedly hit and stomped on his leg may be compatible with, rather than inconsistent with, the

depraved indifference to human life demonstrated by his other brutal beatings and his failure to seek prompt medical attention for the child *(see,* CPL 300.30 [5]; 300.40 [5]; *cf., People v Robinson,* 75 NY2d 879, *affg* 145 AD2d 184). Accordingly, the jury's finding of guilt with respect to both depraved-mind murder and manslaughter in the first degree was not improper *(cf., People v Rivera,* 59 AD2d 675).

Although we agree with the defendant's position that the trial court improperly permitted testimony on redirect examination over defense counsel's objection of uncharged sex crimes committed by the defendant *(see, People v Testaverde,* 143 AD2d 208), we find the error was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *cf., People v McGraw,* 158 AD2d 719).

Lastly, as the People concede, the sentence imposed on the defendant's murder conviction should have been made to run concurrently with the sentence imposed on his manslaughter conviction since the acts which formed the basis of the defendant's conviction for manslaughter were a material element of the murder conviction *(see,* Penal Law § 70.25 [2]; *People v Pierre,* 157 AD2d 750). Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.