■ The People of the State of New York, Respondent, v Jonathan Trappier, Appellant. [616 NYS2d 739] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered April 23, 1990, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, attempted assault in the first degree, and reckless endangerment in the first degree, and sentencing him to concurrent terms of 4 to 12 years, 2⅓ to 7 years, and 2⅓ to 7 years, respectively, unanimously modified, on the law, to the extent of vacating the convictions of attempted assault in the first degree and reckless endangerment in the first degree, and remanding those counts for a new trial, and otherwise affirmed.

Defendant's convictions of attempted assault in the first degree and reckless endangerment in the first degree are legally inconsistent because they require conflicting mental states for the same acts committed against a single victim *(People v Robinson,* 145 AD2d 184, *affd* 75 NY2d 879). Since these counts were submitted in the conjunctive rather than in the alternative, the jury was never instructed to choose between these conflicting mental states, and thus defendant is entitled to a new trial as to both of these counts *(People v Gallagher,* 69 NY2d 525). In view of this determination, it is unnecessary to decide the issues concerning defendant's request to submit a lesser included offense.

While defendant's conviction of criminal possession of a weapon in the second degree arises from the same incident, it need not be vacated, since it is not "factually related" *(People v Cohen,* 50 NY2d 908, 911) to the error mandating a retrial of the other counts. On the facts presented, defendant's possession of the weapon with intent to use it unlawfully against another is completely independent from his actual use, if any, of the weapon, and the mental state accompanying such use *(People v Pons,* 68 NY2d 264, 267-268). Concur—Murphy, P. J., Ellerin, Ross, Nardelli and Williams, JJ.