**Kirt NICHOLAS, Petitioner–Appellant,**

v.

**SMITH, Superintendent, Respondent–Appellee.***

**No. 07–1961–pr.**

United States Court of Appeals, Second Circuit.

May 14, 2009.

---

* The Clerk of Court is instructed to amend the official caption to conform to the above.

Jane S. Smith, Millbrook, NY, for Appellant.

Amy Appelbaum, Leonard Joblove, Victor Barall, Assistant District Attorneys, of Counsel, for Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY, for Appellee.

Present: DENNIS JACOBS, Chief Judge, and JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Kirt Nicholas ("Nicholas") appeals from an order of the United States District Court for the Eastern District of New York dated April 20, 2007 denying his petition for a writ of habeas corpus.

On March 18, 1998, in the New York Supreme Court, Kings County, Nicholas pleaded guilty, without a plea agreement, to two counts of murder in the second degree: one count of intentional murder under New York Penal Law § 125.25(1) and one count of depraved indifference murder under New York Penal Law § 125.25(2). Both counts related to the death of the same victim. At the plea proceeding, Nicholas agreed to waive his right to appeal. He was sentenced on March 30, 1998 to the maximum allowable sentence on each count, 25 years to life, to run concurrently. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review a district court's denial of a petition for a writ of habeas corpus *de novo*." *Jones v. West*, 555 F.3d 90, 95 (2d Cir.2009). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a writ of habeas corpus to a state prisoner "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Nicholas argues that his plea was not knowing, intelligent, and voluntary because he pleaded guilty to two inconsistent offenses without the benefit of a plea agreement: intentional murder and de-

praved indifference murder. *See Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). These "are inconsistent counts [under New York law] because guilt of one necessarily negates guilt of the other." *People v. Gallagher*, 69 N.Y.2d 525, 529, 516 N.Y.S.2d 174, 508 N.E.2d 909 (1987). Nicholas deduces that he did not receive notice of the *mens rea* requirements of the two murder charges, and therefore, his plea cannot have been knowing, voluntary and intelligent. Since the Appellate Division already rejected Nicholas's challenge to the plea, AEDPA deference is applicable to this claim on habeas review.

The relevant Supreme Court case is *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). *Henderson* is distinguishable. Here, the indictment explicitly pleaded the mental state requirements for each charge and the trial judge specifically asked Nicholas whether he understood both the charge in the indictment and the meaning of the plea. Nicholas responded, "Yes." Given this ground of dispatch, it cannot be said that the state court reached a conclusion which was "contrary to" or an "unreasonable application" of Supreme Court precedent. Nicholas's claim that his plea was not knowing, voluntary, and intelligent is rejected.

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Contino v. United States*, 535 F.3d 124, 128 (2d Cir.2008) *(citing Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To show that counsel's performance was objectively unreasonable, a defendant must

overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

■ Nicholas raised his ineffective assistance claims in state court; they were rejected. Since both of these issues were addressed in the state courts, AEDPA deference applies to the state courts' applications of *Strickland.* We review only to look for findings which are contrary to or an unreasonable application of *Strickland.*

### (a) Inconsistent Plea

■ Nicholas contends that counsel afforded ineffective assistance by failing to advise him of his inconsistent plea. To demonstrate prejudice in this context, Nicholas must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Nicholas cannot demonstrate prejudice because the evidence against him was overwhelming: among other things, he admitted to both law enforcement and the victim's mother that he killed the victim, and he expressed at his plea proceeding that he knew that pleading guilty was his "best chance" of receiving a lenient sentence. His self-serving, after-the-fact statement that he would not have pleaded guilty if advised of the inconsistency and sentence exposure is insufficient evidence to demonstrate prejudice.

Even if Nicholas could demonstrate prejudice, however, he still cannot sufficiently show that his attorney failed to advise him of the inconsistent pleas. At the plea proceeding, Nicholas expressed satisfaction with counsel, and stated that counsel had discussed the charges with him and that he understood them. At sentencing, his attorney stated—in Nicholas's presence—that Nicholas "wanted this to be over as soon as possible, and that's one of the reasons he pled in this case." Not only is the client's desire for a quick outcome a reasoned basis for advising a client to plead, but Nicholas could have objected at any point if he disagreed with his attorney's statements. He did not do so.

### (b) Appeal Waiver

■ Nicholas contends that it was ineffective assistance for his attorney to allow him to waive his appeal without exchanging anything in return for the waiver.

A waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In 2006, the New York Court of Appeals held that "[w]hen a trial court characterizes an appeal as one of the many rights automatically extinguished upon entry of a guilty plea, a reviewing court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights. The record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty." *People v. Lopez,* 6 N.Y.3d 248, 256, 811 N.Y.S.2d 623, 844 N.E.2d 1145 (2006).

Here, the colloquy concerning the appeal waiver at the plea proceeding was especially long and detailed due to Nicholas's initial equivocation. When Nicholas expressed hesitation about the waiver, the judge took pains to ensure that Nicholas understood his rights and knew that he could withdraw his plea and go to trial. Nicholas chose to plead anyway. In addition, waiving the appeal also advanced Nicholas's interest in a prompt resolution

of the case and suggested that he was taking responsibility for his actions. Under those circumstances, Nicholas failed to show that his attorney's actions "fell below an objective standard of reasonableness" when he allowed him to waive his appeal. *Hill,* 474 U.S. at 57, 106 S.Ct. 366 (1985) (quoting *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052).

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED.**