01-2204-pr
Pennington v. Bennett

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        ROBERT D. SACK,
            Circuit Judges,
        PAUL A. CROTTY,*
            District Judge.

---------------------------------------

James E. Pennington,
      Petitioner-Appellant,

    - v -

                          No. 01-2204-pr

Floyd Bennett,
      Respondent-Appellee.

---------------------------------------

Appearing for Appellant:    James E. Pennington, pro se, Sonyea, NY.

                         Michael Y. Scudder, Jr. (Su Ji Lee, on the brief), Court Appointed Amicus Curiae, Chicago, IL.

---

    * The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Appearing for Respondent:     J. Michael Marion (Michael J. Hillery, of counsel), for Frank J. Clark, District Attorney of Erie County, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Bauer, Magistrate Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Petitioner-Appellant James E. Pennington appeals pro se from a judgment of the United States District Court for the Western District of New York denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We appointed pro bono counsel as amicus curiae for Pennington to brief, inter alia, whether Pennington's petition was not procedurally barred under the fundamental miscarriage of justice exception. See Murray v. Carrier, 477 U.S. 478 (1986).

Amicus counsel argues that Pennington's petition is not procedurally barred under that exception because, in relation to the shooting death of Octavio Duran, a jury impermissibly convicted Pennington of mutually inconsistent offenses: intentional murder, see N.Y. Penal Law § 125.25(1), and depraved indifference murder, see id. § 125.25(2).[*] See People v. Gallagher, 69 N.Y.2d 525, 529-30, 508 N.E.2d 909, 910 (1987) ("[I]ntentional murder and depraved mind murder[] are inconsistent counts as defined in CPL 300.30(5), because guilt of one necessarily negates guilt of the other. A finding that defendant committed intentional murder by killing his victim with the conscious objective of causing his death precludes the inconsistent finding that defendant at the same time committed depraved mind murder by recklessly and thus unintentionally

---

[*]  In New York, a person is guilty of second-degree intentional murder when, "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person."  N.Y. Penal Law § 125.25(1).

A person is guilty of second-degree depraved indifference murder when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."  N.Y. Penal Law § 125.25(2).

2

killing that same victim under circumstances evincing a depraved indifference to human life.").

We review a district court's denial of a writ of habeas corpus de novo. See Cotto v. Herbert, 331 F.3d 217, 229 (2d Cir. 2003). Where, as here, a habeas petitioner's claim is procedurally defaulted, a "habeas petitioner may avoid such a default . . . by showing cause for the default and prejudice, or that failure to consider the claim will result in miscarriage of justice, i.e., the petitioner is actually innocent." Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir. 2003); see also Murray v. Carrier, 477 U.S. 478, 496 (1986). Only the latter exception -- fundamental miscarriage of justice -- is relevant here because that is the question on which we granted Pennington's motion for a certificate of appealability. The "fundamental miscarriage of justice exception is 'extremely rare' and should be applied only in 'the extraordinary cases.'" Sweet, 353 F.3d at 142. "'[A]ctual innocence' means factual innocence rather than just legal insufficiency," and so "the question depends on whether it is more likely than not that no reasonable juror would have concluded that [the petitioner] engaged in conduct that meets the required elements of each of the [allegedly inconsistent] charges." Id.

We conclude that Pennington's petition is not saved by the fundamental miscarriage of justice exception. Pennington shot Duran three times in succession. Pennington testified that he pulled out his gun while standing on the side of a street, that Duran lunged toward him, and that the gun "went off" without Pennington intending to fire. See Trial Tr. 1088, 1091-92. Duran's wife testified that after Pennington fired the first shot, Duran turned towards her and Pennington shot him two more times. See id. at 725-26.

Despite some reservations about treating these three shots as separate acts, we conclude that our decision in Sweet mandates our holding that the fundamental miscarriage of justice exception does not apply here. In Sweet, we confronted a situation where a defendant was found guilty of both first degree manslaughter, an offense requiring intent, and second degree murder, an offense requiring reckless but not intentional conduct, and found that where there was evidence of multiple blows and injuries "the jury could have concluded that this evidence demonstrated a series of intentionally physical injuries, culminating in one final blow that demonstrated the reckless creation of a grave risk of serious physical injury or death," and that the charged offenses were therefore not mutually inconsistent. Sweet, 353 F.3d at 142. Similarly a reasonable juror here could have concluded that

3

at least one of Pennington's three shots was fired recklessly under circumstances evincing a depraved indifference to human life and at least one was fired with intent to kill; for example, a reasonable juror might have concluded that the first shot was fired recklessly under circumstances evincing depraved indifference, based on Pennington's testimony that the gun just "went off," but that the second two shots were fired with intent to kill, based on the evidence that Duran had turned away from Pennington and was shot twice in the back, and that the gun did not have a "hair trigger." <u>See</u> Trial Tr. at 608-11. Accordingly, Pennington has failed to demonstrate the factual innocence required for a claim of actual innocence, and his habeas claims are procedurally barred.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, **Clerk of the Court**