THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROGER WEISSER, Appellant.

Fourth Department, February 18, 1971.

*Nathaniel A. Barrell (Henrietta M. Wolfgang* of counsel), for appellant.

*Michael F. Dillon, District Attorney (William H. Dillon* of counsel), for respondent.

DEL VECCHIO, J. On appellant's appeal from a conviction of murder in the first degree and felonious possession of a loaded firearm one issue has been raised requiring a new trial on the murder charge.

On March 25, 1967 the body of Thomas Caffarelli was found in his shoe repair shop with a bullet wound in his head, his wallet missing and no money in the cash box. The bullet removed from his body had been fired from a gun owned by appellant.

In January, 1969 the Grand Jury returned a five-count indictment against appellant and William Grabar which included two counts of murder first degree, two counts of robbbery first degree and a count of felonious possession of a loaded firearm. The first murder count charged common-law murder and the second charged felony murder. Upon motions before trial the court dismissed the felony murder and the two robbery counts on the ground that insufficient evidence had been before the Grand Jury to sustain these counts. Thereafter the codefendant Grabar pleaded guilty to a reduced charge of murder second degree and the case went to trial against appellant alone on the common-law murder charge and the felonious possession charge.

After the jury had been drawn and before testimony was offered, the prosecutor moved for a ruling that felony murder might be proved under the indictment as it remained. The motion was granted and the People presented evidence both as to premeditated murder and felony murder. The Trial Judge charged the elements of premeditated murder and of felony murder, stating that murder in the first degree could be committed on either theory. He further stated that, although he had instructed that they might consider the guilt or innocence of appellant of murder in the first degree under two concepts, deliberate and premeditated murder or felony murder, the jury could not convict him of two counts of murder in the first degree. The Judge left the order of consideration of the two concepts of murder first degree to the jury, advising them that if they found him guilty under one concept it would not be necessary for them to consider his guilt or innocence on the other concept. He also charged that if they were not convinced of appellant's guilt of either premeditated murder or of felony murder they could consider his guilt or innocence of murder in the second degree, or manslaughter in the first degree. The jury specifically

found appellant guilty of "felony murder" and of felonious possession of a firearm; it was silent as to premeditated murder.

Appellant now challenges his conviction of murder first degree on the ground that, the separate felony murder count having been dismissed as based on insufficient evidence before the Grand Jury, it was improper to permit the jury to return a verdict of guilt predicated on a felony murder.

There is no question that an indictment which charges a homicide committed "willfully, feloniously and with malice aforethought" may form the basis for a conviction of felony murder as well as premeditated murder. (*People* v. *Nichols,* 230 N. Y. 221.) As Chief Judge CARDOZO stated in *People* v. *Lytton* (257 N. Y. 310, 315): "The rule is settled that there is no need to charge in an indictment that the homicide was wrought in the commission of another felony. It suffices to state in the common-law form that the defendant acted 'willfully, feloniously and with malice aforethought'". (See, also, *People* v. *Jackson,* 20 N Y 2d 440.)

When however, as here, an indictment is returned which charges as a separate count the commission of a felony murder in addition to a common-law murder count, we do not believe that the same rule prevails. In this circumstance, which was not present in *People* v. *Nichols* (*supra*), *People* v. *Lytton* (*supra*) or *People* v. *Jackson* (*supra*), the only reasonable interpretation which may be given to the multiple count indictment is that the common-law murder count is exclusive of the felony murder. Were this not so, there would be no need and no reason for the independent felony murder count. Justification for employment of the multiple, separate count indictment is found in the fact that, under such an indictment, the jury could find defendant guilty of two counts of murder by determining that the homicide occurred during the commission of a felony and also that the murder was premeditated. (*People* v. *Leonti,* 18 N Y 2d 384, 391, 392.) Construing the indictment as charging only premeditated murder under the common-law count, once the felony murder count had been dismissed there was no longer any basis for submitting the theory of felony murder to the jury or for a guilty verdict on that concept.

Even assuming that the common-law murder count did include felony murder, we believe that it was without the jury's province to return a guilty verdict based on such a finding after the motion to dismiss the indictment had been granted in part. By dismissing the separate felony murder count the court determined that there had been insufficient evidence before the Grand Jury to support an indictment for felony murder under either the first

or second count. Once the theory of felony murder had been removed from the case on the ground of insufficient evidence before the Grand Jury to justify a felony murder count, it was out of the case for all purposes and should have been withdrawn from consideration by the jury. Since a timely motion to dismiss the indictment had been made, the defect in proof before the Grand Jury could not be cured by the production of additional evidence at the trial which, if presented to the Grand Jury, would have been sufficient to warrant a felony murder indictment. (*People* v. *Nitzberg,* 289 N. Y. 523.)

In the posture in which the case was submitted to the jury its silence on the premeditated murder concept may not be interpreted as an acquittal on that theory. Silence is acquittal only when the jury has been given a full opportunity to bring in a verdict. (*People* v. *Jackson, supra.*) However, here the jury was instructed that it need not consider the second concept of murder first degree if it found appellant guilty on the first concept which it considered. In this respect the case is similar to *Jackson,* where the jury returned a verdict of guilty of premeditated murder and was silent as to felony murder. The language of *Jackson* is appropriate (p. 452): "We cannot say that the jury's silence on the felony murder theory had the effect of acquitting Jackson of that theory. The jury's silence could only have that effect if it were given a full opportunity to consider the felony murder theory. [Cases cited.] Since the jury was instructed to render only one verdict, it had no reason to consider the felony murder charge once it found the defendant guilty of premeditated murder. We are, of course, aware of the fact that the Judge instructed the jury that the order of consideration of the respective theories was entirely up to them. Thus, it is possible that the jury considered felony murder first and acquitted him of that theory but under the single verdict charge the jury was not able to express an acquittal, and to say that the defendant was so acquitted would be to engage in mere speculation."

We conclude that, in the circumstances of this case, it was reversible error to submit felony murder to the jury. Accordingly, the judgment of conviction of murder in the first degree should be reversed and a new trial granted on the first count of the indictment.

We have considered the other alleged errors raised by appellant and find them to be either without merit or harmless. The judgment of conviction of possession of a loaded firearm should be affirmed.

GOLDMAN, P. J., WITMER, MOULE and HENRY, JJ., concur.

Judgment insofar as it convicts defendant of murder, first degree, unanimously reversed, on the law and facts, and a new trial granted; judgment insofar as it convicts defendant of felonious possession of a loaded firearm unanimously affirmed.