■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CLAUDIO, Appellant.—Judgment, Supreme Court, New York County (Shirley R. Levittan, J.), rendered March 6, 1986, convicting defendant of manslaughter in the first and second degrees and sentencing him to concurrent indeterminate terms of imprisonment of from 3⅓ to 10 years, unanimously modified, on the law, to reverse the conviction of manslaughter in the first degree, and to vacate the sentence thereon, and, except as thus modified, affirmed.

Charged in separate counts with intentional murder and depraved indifference murder as a result of his actions in

viciously clubbing Durant Webb over the head with a baseball bat, defendant was convicted of manslaughter in the first degree and manslaughter in the second degree, respectively, as lesser included offenses. We agree that the trial court should have charged, as requested, the lesser included offense of manslaughter in the second degree under the intentional murder count. According to defendant and contrary to the People's evidence, he swung the bat wildly with his eyes averted or closed and struck the victim only once in the head. Thus, there was a reasonable view of the evidence, evaluated "in the light most favorable to the defendant" *(People v Henderson,* 41 NY2d 233, 236), that defendant "recklessly cause[d] the death of another person" and thereby committed the lesser included offense but not the greater offenses under the intentional murder count. (Penal Law § 125.15 [1]; *see,* CPL 300.50 [1], [2]; *see also, People v Glover,* 57 NY2d 61.) Reckless manslaughter is a lesser included offense of intentional murder. *(See, People v Green,* 56 NY2d 427, 433.) The court did charge manslaughter in the second degree as a lesser included offense under the depraved indifference murder count. Having decided to charge both manslaughter in the first and second degrees, as well as criminally negligent homicide, as lesser included offenses, the trial court justified its refusal to charge manslaughter in the second degree under the intentional murder count on the ground that it would be confusing to charge the same crime twice.

That the lesser included offense is being charged under another count is irrelevant if the defendant requests that the offense be charged and the submission is legally warranted. The court's belief that such submission might confuse the jury is not a legally recognized justification for refusing the charge. *(See,* CPL 300.50 [2].) Moreover, since defendant was convicted of manslaughter in the first degree, rather than intentional murder, under the intentional murder charge, harmless error analysis does not apply. *(See, People v Green, supra,* 56 NY2d, at 435-436.) Accordingly, we reverse the manslaughter in the first degree conviction.

Although the court erroneously submitted the two murder counts, as well as the respective lesser included offenses of each, in the conjunctive, rather than the alternative *(People v Gallagher,* 69 NY2d 525), the error was not preserved and this is hardly the case to reach the issue in the exercise of our interest of justice jurisdiction. Thus, we affirm the manslaughter in the second degree conviction. We see no need, however, for a remand for resentence on that conviction. Although the

sentences imposed for both manslaughter convictions were identical, it is inconceivable, in light of the rather lenient sentence imposed for this brutal killing, that the less serious crime of manslaughter did not receive independent consideration. Concur—Sullivan, J. P., Ross, Asch and Wallach, JJ.