■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES NIX, Appellant.—Judgment, Supreme Court, Bronx County (William Martin, J.), rendered August 24, 1988, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him as a second felony offender to an indeterminate prison term of from three to six years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, a reasonable trier of fact could find beyond a reasonable doubt that defendant was guilty of depraved indifference assault (Penal Law § 120.10 [3]). Defendant contends that there was no evidence from which the jury could conclude that his shaking his infant son was so obviously and inevitably deadly as to indicate a depraved indifference to human life. The expert witnesses testified that the severe injuries sustained by defendant's three and one-half month old son, including permanent brain damage, blindness and paralysis, were consistent with injuries known in the medical profession as "shaken baby syndrome." Their testimony also established that the baby's injuries had created a substantial risk of death and could only have been caused by a violent shaking of the child. Based upon this unequivocal expert testimony, coupled with defendant's admissions to the police that he had shaken the baby on previous occasions, the jury reasonably could have found that defendant's reckless shaking of the three and one-half month old infant created a grave risk of death and did indeed cause serious physical injury under circumstances evincing a depraved indifference to human life (see, People v Roe, 74 NY2d 20, 27).

In addition, none of the grounds set forth by defendant for the proposition that his attorney was ineffective are meritorious. Counsel's failure to request that third degree assault be charged as a lesser included offense of first degree assault was not erroneous since there was no reasonable view of the evidence to support a conviction on the lesser charge (CPL 300.50 [1]). Whereas Penal Law § 120.00 (2) contains the element of physical injury only, the crime of assault in the first degree requires the infliction of serious physical injury (Penal Law § 120.10 [3]). There was no reasonable view of the evidence that would permit the jury to conclude that the child's injury constituted only physical injury (see, People v Galvin, 104 AD2d 527, 532-533, Casey, J., dissenting, mod 65 NY2d 761, on remand 112 AD2d 1090).

Nor has defendant proved the absence of a strategic or other legitimate explanation for counsel's failure to make a pretrial motion to suppress his statements to the police. In

fact, at trial, counsel fully took advantage of the exculpatory material contained in those statements. Finally, although counsel's charge requests and summation arguments revealed that he occasionally confused the *mens rea* element of recklessness with the concept of intent, the totality of counsel's representation did in fact direct the jury's attention to the relevant issues in the case. It is also noted that defendant has not sustained his burden of establishing that, but for counsel's alleged unprofessional errors, the outcome of the proceeding would have been different *(see, Strickland v Washington,* 466 US 668, 694). Concur—Sullivan, J. P., Carro, Ellerin, Ross and Asch, JJ.