*968 OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who has been convicted of the crime of depraved indifference murder and other charges, pursuant to CPL 330.30 (1) to vacate his conviction on that count, upon the ground that the verdict of the jury was repugnant.
The evidence adduced at the trial relative to this particular charge demonstrated that the defendant fired multiple shots from a handgun, causing serious physical injury to one victim and fatally injuring the second victim. As a result of the second victim’s death, the defendant was indicted for the crimes of both intentional murder and depraved indifference murder.
The court instructed the jury that it could find the defendant guilty of intentional murder or the lesser included offenses of manslaughter, first degree, or manslaughter, second degree, or in the alternative, of depraved indifference murder or the lesser included offense of manslaughter, second degree; this was at the request of the defendant. The jury was further charged that the defendant could be found guilty of only one of those five crimes, or not guilty of all five crimes.
The intentional murder count preceded the depraved indifference count in the indictment, so the verdict on that count was announced first. The jury found the defendant not guilty of intentional murder and the lesser included offenses of manslaughter, first degree, and manslaughter, second degree; the defendant was found guilty of depraved indifference murder.[1] The defendant now complains that when the jury returned a not guilty verdict on manslaughter, second degree, as a lesser included offense of intentional murder, it determined that the defendant did not act recklessly, and, therefore, the guilty verdict on depraved indifference murder, one element of which is recklessness, was repugnant.
This argument has superficial appeal because of its undeniable logic, but it dissolves under further analysis for three reasons.
The first reason is that People v Claudio (135 AD2d 358) required the instructions which the court delivered to the jury.
*969 The Court of Appeals in People v Gallagher (69 NY2d 525) concluded that although a defendant could be charged with intentional murder and depraved indifference murder for a single homicide, the jury must be charged in the disjunctive, because a defendant could not by the same conduct commit an intentional act and a reckless act. However, citing Gallagher, People v Claudio (supra) determined that it was reversible error for the trial court to refuse to charge manslaughter, second degree, as a lesser included offense of intentional murder, while charging that crime as a lesser included offense of depraved indifference murder, where the defendant requested such an instruction and its submission was legally warranted.[2] The situation in this case parallels Claudio.
The second reason is that the concurring opinion in People v Gallagher (supra) sanctioned such instructions.
That opinion analyzed these two counts of murder in terms of two charts in the following language: "On chart 1, the top count is intentional murder with lesser included counts going down to reckless manslaughter in the second degree * * * the jury can select only one guilty count from chart 1. * * * [CJhart 2’s top count of depraved indifference murder * * * contains lesser included counts * * * charged to the jury in the alternative * * * Defendant’s argument * * * is that he is entitled to have the jury select only one guilty count from either chart 1 or chart 2 * * * because otherwise the jury could have found the defendant guilty twice for the identical crime against a single victim, e.g., reckless manslaughter in the second degree as a lesser of intentional murder and, again, reckless manslaughter in the second degree as a lesser of depraved indifference murder. These surely do not result in an inconsistent verdict for they are identical, but they should have been offered in the alternative only under the inclusory concurrent count theory.” (People v Gallagher, supra, at 534.)[3]
This direction that the two counts of manslaughter, second degree, "should have been offered in the alternative” was complied with here.
This "dilemma” could not have been avoided by asking the jury if it had found the defendant guilty under either count of *970 murder, and if the response was in the affirmative, to then ask which crime he was found guilty of and end the inquiry.[4] This would certainly have comported with the rule of Gallagher (supra), but it still would not have resolved this problem. A verdict of guilty under either count of murder would implicitly mean a verdict of not guilty to the crimes on which no verdict was sought (People v Jackson, 20 NY2d 440, 448, cert denied 391 US 928 ["a defendant cannot be retried for those offenses on which the jury was silent because the jury’s silence implies an acquittal of those offenses”]; see, People v Weisser, 36 AD2d 54, affd 31 NY2d 1051). Thus, this procedure would result in the same alleged infirmity.
Such a practice would also run afoul of CPL 300.40 (5) which provides as follows: "If an indictment contains two inconsistent counts, the court must submit at least one thereof. If a verdict of guilty upon either would be supported by legally sufficient trial evidence, the court may submit both counts in the alternative and authorize the jury to convict upon one or the other depending upon its findings of fact. In such case, the court must direct the jury that if it renders a verdict of guilty upon one such count it must render a verdict of not guilty upon the other.” People v Finkelstein (144 AD2d 250, lv denied 73 NY2d 921) cited the last sentence of this section as that phrase was material to its holding.
The third and final reason is that People v Ford (62 NY2d 275) held that a request for such instructions constitutes a waiver if the same be erroneous.
That case established the proposition that if a defendant affirmatively requests the court to charge a lesser included offense, or unless the defendant makes a timely objection,[5] he waives any error committed by the trial court in submitting to the jury a lesser included offense arising out of the same criminal transaction as the indicted crime, where the lesser included offense is not in fact a lesser included offense of the crime charged in the indictment. As has been indicated, the defendant here requested that the jury be charged that man *971 slaughter, second degree, is a lesser included offense of both intentional murder and depraved indifference murder.
Therefore, this court’s instructions to the jury in this area were correct, and even if not correct, the error was waived, so the verdict of guilty to the count of depraved indifference murder and not guilty to the crime of manslaughter, second degree, as a lesser included offense under the intentional murder count, was not repugnant.
Accordingly, the application of the defendant to vacate his conviction for depraved indifference murder is denied.

. The defendant was also found guilty of depraved indifference assault for the shooting of the first victim, so the jury was consistent in regard to this incident.

. The trial court justified its refusal upon the ground that it would be confusing to the jury to charge the same crime twice, but the appellate court did not accept this reasoning.

. In this highly technical area it was felt better to quote Judge Bellacosa directly.

. A refinement of this process would be to instruct the jury to deliberate first on the two counts of murder before considering any lesser included offenses and to report only the first guilty verdict reached. This instruction would be risky in view of People v Sotomayer (79 NY2d 1029) which although in the context of a verdict sheet, condemned a direction to the jury as to the order in which charges should be considered.

. This provision is made in CPL 300.50 (1).