■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM PAUL, Appellant. [618 NYS2d 456] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered March 13, 1991, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. This appeal brings up for review, the denial, after a hearing (Zweibel, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that there was legally insufficient evidence to show that he acted recklessly, under circumstances evincing a depraved indifference to human life, necessary elements in order to sustain his conviction for assault in the first degree (Penal Law § 120.10 [3]). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), there was evidence that the defendant, on four occasions within 24 hours, either dropped his four-day-old daughter, or tripped with her, causing her to hit her head and suffer permanent serious injuries. The defendant admitted that on two of the occasions he dropped her intentionally. Therefore, the People have proven the defendant's recklessness under circumstances evincing depraved indifference to human life beyond a reasonable doubt *(see, People v Poplis,* 30 NY2d 85; *People v Brammer,* 189 AD2d 885; *People v Nix,* 173 AD2d 285; *People v Brown,* 119 AD2d 760). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions which are preserved for appellate review are either without merit or do no warrant reversal. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.