■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMANTHA JONES, Appellant. [653 NYS2d 323] —Judgment,

Supreme Court, New York County (Allen Alpert, J.), rendered December 17, 1992, convicting defendant, after a nonjury trial, of assault in the first degree, and sentencing her to a term of $1^{1}/_{2}$ to $4^{1}/_{2}$ years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was convicted based upon evidence which included her admission that while shaking her 23-day old infant son back and forth so vigorously that his head snapped forward and back, she lost her grip and forcibly propelled the infant to the floor six feet away. The medical testimony supported the conclusion that the infant's catastrophic injuries were consistent with "shaken baby syndrome". Viewing the evidence in the light most favorable to the People and giving the People the benefit of every reasonable inference to be drawn therefrom, we find that the evidence was sufficient to support the elements of assault in the first degree under a depraved indifference theory (*People v Nix*, 173 AD2d 285, *lv denied* 78 NY2d 971; *see also, People v Paul,* 209 AD2d 447, *lv denied* 85 NY2d 865). Moreover, upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence.

Defendant was not entitled to dismissal of the indictment based on alleged defects in the Grand Jury proceedings (*see, People v Sinski*, 88 NY2d 487, 495; *People v Huston*, 88 NY2d 400, 409). Examination of the Grand Jury minutes demonstrates that defendant was given a full and fair opportunity to make a complete statement before being questioned by the Assistant District Attorney, whose cross-examination was within proper bounds (*People v Karp*, 76 NY2d 1006, *revg on dissenting opn of Sullivan, J.*, 158 AD2d 378, 385, 388-389). While defendant's pre-arrest statements to police were ultimately suppressed as obtained in violation of her right to counsel, there was no evidence that the statements were obtained involuntarily; therefore they were properly used for impeachment purposes before the Grand Jury (*People v Maerling*, 64 NY2d 134). Defendant's remaining contentions concerning the Grand Jury presentation are without merit.

We have reviewed defendant's claims regarding the effectiveness of defendant's first counsel, who was replaced due to illness, and find that viewed in totality and as of the time of the representation, said counsel's representation during defendant's Grand Jury testimony was meaningful (*People v Baldi*, 54 NY2d 137).

Defendant's Grand Jury testimony was properly received in

evidence at trial. Contrary to defendant's claims, her Grand Jury testimony was clearly voluntary (*see, People v Padron*, 118 AD2d 599, 600, *lv denied* 67 NY2d 1055), was exempt from the notice requirement of CPL 710.30 (1) (a) (*supra; see also, People v Steele*, 134 Misc 2d 629), and was admissible as a party admission, independently of CPL 670.10 (*People v Rose*, 224 AD2d 643).

We do not find defendant's sentence to be unconstitutional as applied, under the circumstances (*People v Thompson*, 83 NY2d 477). Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.