■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GOODRIDGE, Appellant. [674 NYS2d 24] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at suppression hearing; Renee White, J., at jury trial and sentence), rendered July 17, 1995, convicting defendant of assault in the first degree and endangering the welfare of a child, and sentencing him to concurrent prison terms of 5 to 15 years and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Given the jury's credibility determinations and evaluation of expert testimony, which we see no reason to disturb, there was overwhelming circumstantial evidence of guilt. The three month old child was healthy when left alone in defendant's sole care and the medical experts unanimously concluded that it became injured as a result of shaken baby syndrome. Defendant's brutal conduct constituted the kind of recklessness involving a depraved indifference to human life (*People v Cole*, 85 NY2d 990, 992; *People v Jones*, 236 AD2d 217, *lv denied* 89 NY2d 1036; *People v Nix*, 173 AD2d 285, *lv denied* 78 NY2d 971).

The limitations placed on defense counsel's cross-examination of a detective at the suppression hearing were proper exercises of discretion in light of the repetitive and irrelevant nature of the questions posed (*see, People v DeJohn*, 239 AD2d 184, *lv denied* 90 NY2d 904). Suppression was properly denied since the record supports the court's conclusion that defendant voluntarily accompanied the police to the precinct after his daughter was found in a coma and that he was not in custody when

he made statements to the police. This was established by the fact that he left the precinct at the conclusion of his statement.

Defendant has failed to preserve his challenges to the prosecutor's opening statement and summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks do not warrant reversal (*see, People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.