■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRYAN G. PARROTTE, Respondent. [702 NYS2d 137] —Cardona, P. J. Appeals (1) from an amended order of the County Court of Clinton County (Ryan, J.), entered July 21, 1997, which, inter alia, reduced count one of the indictment from assault in the first degree to assault in the third degree, and (2) from an order of said court, entered August 18, 1997, which, upon reconsideration, inter alia, reduced count two of the indictment from reckless endangerment in the first degree to reckless endangerment in the second degree.

In March 1997, an indictment charged defendant with the crimes of assault in the first degree, reckless endangerment in the first degree and endangering the welfare of a child after he allegedly squeezed the rib cage of his three-month-old son fracturing bones and causing injuries. Defendant subsequently made an omnibus motion to, inter alia, dismiss the indictment on the ground that the charges were not supported by legally sufficient evidence. By amended order entered July 21, 1997, County Court granted part of defendant's motion and reduced count one from assault in the first degree to assault in the third degree upon finding a lack of evidence establishing that defendant acted with depraved indifference to human life which exposed the infant to a grave risk of death and caused serious physical injury. Based upon this finding, defendant requested County Court to reconsider his motion and reduce the second count of the indictment from reckless endangerment in the first degree to reckless endangerment in the second degree,

which the court did by an order entered on August 18, 1997. The People now appeal.

Initially, we note that defendant's request for reconsideration was essentially a motion for reargument based upon County Court's finding that there was insufficient evidence establishing depraved indifference, grave risk of death or serious physical injury to support the charge contained in the first count of the indictment. County Court granted the request and reduced the second count of the indictment based upon this finding, but otherwise adhered to its original decision. From a procedural standpoint, the People's appeal from the original order is superseded in this case by the order issued upon reconsideration and, therefore, should be dismissed (*see, Ryan v McLean*, 209 AD2d 913; *New York Tel. v Power Tech Sys.*, 185 AD2d 787; *Rogovin v Bach Realty*, 147 AD2d 364; *see also*, CPLR 5517).

Turning to the merits, the standard for reviewing the sufficiency of the evidence before a Grand Jury is "whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*People v Swamp*, 84 NY2d 725, 730; *see, People v Carroll*, 93 NY2d 564, 568; *People v Wilson*, 210 AD2d 666, *lvs denied* 85 NY2d 945, 88 NY2d 970). The crime of assault in the first degree contemplates conduct evincing "a depraved indifference to human life" which "creates a grave risk of death to another person" and "causes serious physical injury to another person" (Penal Law § 120.10 [3]). Similarly, the crime of reckless endangerment in the first degree requires "conduct which creates a grave risk of death to another person" under circumstances "evincing a depraved indifference to human life" (Penal Law § 120.25).

Based upon our review of the proof before the Grand Jury, we agree with County Court that there is insufficient evidence of the elements necessary to charge defendant with assault in the first degree but reach a different conclusion with respect to the charge of reckless endangerment in the first degree. Defendant's girlfriend, the mother of the infant, testified that defendant awoke to feed the infant early one morning and, after the feeding, laid him down in the crib. She stated that the infant was very quiet and she then heard a very loud scream which sounded as if the infant was gasping and trying to catch his breath. She stated that she held the child but he continued to cry and she later noticed a spot of blood in his diaper. She indicated that she sought medical treatment for the child late that day.

A physician who examined the child at the hospital testified that the child had suffered trauma to the chest and abdomen resulting in multiple fractures to his ribs, elevated enzyme levels in the liver and pancreas, and blood in the kidney. He indicated that if the injuries were more severe, they could have been life threatening. He stated that the child stayed in the hospital approximately five days. A caseworker for the Clinton County Department of Social Services testified that the child had some developmental delays in gross motor areas following his discharge from the hospital, but that the child made up these deficits within 3½ months.

Defendant denied inflicting any injuries to the child. A police detective who interviewed defendant testified that defendant revealed that he had squeezed the child when the child would not stop crying. According to the detective, defendant indicated that he had done the same thing to the child a few weeks earlier. In a written statement which he subsequently recanted, defendant stated in substance that he squeezed the child so hard he could tell the child "lost his breath * * * and went into a state of shock".

While two elements must be present to establish a depraved indifference assault in the first degree, reckless conduct which creates a grave risk of death and serious physical injury, reckless endangerment in the first degree requires only a showing of reckless conduct which creates a grave risk of death. To establish depraved indifference, "it must be shown that the actor's reckless conduct is imminently dangerous and presents a grave risk of death" (*People v Roe*, 74 NY2d 20, 24). It involves "an objective assessment of the circumstances surrounding [the actor's conduct]" (*id.*, at 27).

Notably, the People's medical expert testified that the bones of infants are softer than adults, more pliable and require significant force to break. He further testified, *inter alia*, that a broken rib which punctures a lung can result in the lung's collapse causing death from respiratory arrest. He also stated that a broken rib which punctures the pancreas releases enzymes into the abdominal area causing all of the organs to fail if not surgically repaired.

In our view, compressing a three-month-old infant's chest with enough force to fracture at least 20 ribs is conduct which exposes that child to an imminent risk of death. It is conduct so wanton as to display indifference to human life. Such proof viewed most favorably to the People, if unexplained and uncontradicted, would warrant conviction for reckless endangerment in the first degree.

Turning to the serious physical injury component of assault in the first degree, we note that the medical evidence indicated that the infant's injuries, though severe, were not life threatening. Nor was there proof that the injuries "cause[d] * * * serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). The evidence showed that the rib fractures were in various stages of healing and that beyond hospital observation and the administration of Tylenol, no medical treatment was required. Therefore, we find the evidence insufficient to establish the requisite "serious physical injury" to sustain the charge of assault in the first degree. Accordingly, we find no reason to disturb County Court's reduction of the first count of the indictment but modify and reinstate the second count charging reckless endangerment in the first degree.

Mikoll, Crew III and Yesawich Jr., JJ., concur.

Mugglin, J. (concurring in part and dissenting in part). I concur in part and respectfully dissent in part. In my view, the evidence before the Grand Jury is insufficient to support either counts of assault in the first degree under Penal Law § 120.10 (3) or reckless endangerment in the first degree pursuant to Penal Law § 120.25. Since I believe it is sufficient to support the counts of assault in the third degree and reckless endangerment in the second degree, I would affirm both the amended order and order of County Court.

The elements common to both crimes, as charged, are circumstances evincing a depraved indifference to life, recklessness and conduct which creates a grave risk of death. Recklessness is measured by proof of the defendant's subjective mental state. A subjective mental state, however, is not pertinent to determining whether the objective circumstances bearing on the nature of his reckless conduct are such that the conduct created a very substantial risk of death (see, People v Roe, 74 NY2d 20, 24). Here, the objective circumstances are that apparently on two occasions defendant is charged with having, with his hands, squeezed the baby's ribcage with sufficient force to result in multiple rib fractures as well as the other injuries mentioned.

While, if true, such conduct is inexcusable, it does not, in my view, rise to the level sufficient to evince a depraved indifference to human life. Defendant's conduct is clearly not in the same category as a person who drives an automobile on a city sidewalk at excessive speeds and "strik[es] a pedestrian without applying the brakes * * * firing several bullets into a

house * * * continually beating an infant over a five-day period * * * and playing 'Russian roulette' with one 'live' shell in a six-cylinder gun" (*People v Roe, supra*, at 25 [citations omitted], citing *People v Gomez*, 65 NY2d 9; *People v Jernatowski*, 238 NY 188; *People v Poplis*, 30 NY2d 85; *Commonwealth v Malone*, 354 Pa 180, 47 A2d 445).

The evidence before the Grand Jury concerning the circumstances surrounding defendant's reckless conduct, when objectively viewed, does not demonstrate that it was "so uncaring, so callous, so dangerous and so inhuman, as to demonstrate an attitude of total and utter disregard for the life of the person or persons endangered" (CJI[NY]2d PL 120.25, at 120-1115; *see, People v Roe*, 74 NY2d 20, *supra*; *People v Fenner*, 61 NY2d 971; *People v Register*, 60 NY2d 270, *cert denied* 466 US 953).

Ordered that the appeal from the amended order is dismissed. Ordered that the order is modified, on the law, by reversing so much thereof as reduced the second count to reckless endangerment in the second degree; charge of reckless endangerment in the first degree reinstated; and, as so modified, affirmed.