■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALITA BRITT, Appellant. [728 NYS2d 197] —Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 6, 1999, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree and endangering the welfare of a child (two counts).

Defendant was indicted by an Albany County Grand Jury for assault in the first degree, assault in the second degree and two counts of endangering the welfare of a child stemming from the March 27, 1998 hospitalization of her six-month-old son who was diagnosed with severe and permanent brain injuries. Following a *Huntley* hearing, County Court refused to suppress defendant's statement regarding the circumstances of the infant's injuries given to the police the day after the infant was hospitalized, and she was thereafter convicted by a jury on all the counts of the indictment. Defendant was sentenced as a violent felony offender to an indeterminate term of imprisonment of 12½ to 25 years on her conviction for assault in the first degree, and concurrent lesser periods of imprisonment on the other convictions. Defendant now appeals.

On appeal defendant claims that County Court erred by not granting her motion to dismiss the charge of assault in the first degree at the close of the People's proof and in refusing to charge assault in the third degree as a lesser included offense of assault in the first degree, and that defendant's sentence was harsh and excessive. We find none of defendant's claims persuasive and affirm the judgment of conviction.

Defendant first argues that the People failed to prove each element of assault in the first degree beyond a reasonable doubt. As charged here, assault in the first degree required the People to prove that defendant, "[u]nder circumstances evincing a depraved indifference to human life * * * recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] serious physical injury to another person" (Penal Law § 120.10 [3]). Defendant claims that the People failed to prove that she acted with depraved indifference to human life, which requires a showing that " 'the actor's reckless conduct is imminently dangerous and presents a grave risk of death' " (*People v Parrotte*, 267 AD2d 884, 886

[quoting *People v Roe*, 74 NY2d 20, 24], *lv denied* 95 NY2d 801) and has been described as conduct " ' "so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon [intentional conduct]" ' " (*People v Russell*, 91 NY2d 280, 287, quoting *People v Fenner*, 61 NY2d 971, 973). Viewing this record in a light most favorable to the People (*see*, *People v Harper*, 75 NY2d 313, 316; *People v Contes*, 60 NY2d 620, 621), we find that the People's proof established that defendant's actions evinced a depraved indifference to human life beyond a reasonable doubt.

The pediatric intensive care physician who treated the infant on March 27, 1998 was called as a witness by the People. He testified that upon arrival at the hospital, the infant was very close to death, lacked a pulse, was not breathing and would have died absent resuscitative procedures. He also indicated that the infant suffered permanent brain injuries resulting from a lack of oxygen and blood flow to his brain, which presented a substantial risk of death and left the infant in a vegetative state with impaired vision. His physical examination of the infant and diagnostic tests revealed that the infant had endured multiple fractures of his extremities in various stages of healing, including fractures of multiple ribs, right and left upper arms, left wrist, right femur and right ankle. The defenseless infant also experienced kidney failure and had a cigarette burn under his left eye. The physician opined that the infant's injuries were the result of repeated child abuse and he suffered from battered child syndrome. Defendant's statement, introduced into evidence through the testimony of the investigating detective, described how she shook the infant for a minute or two the day prior to his hospitalization, how she previously shook him six times, hit him on the right leg, burned him under his eye with a cigarette and yanked him by the arms out of his child carrier. Although defendant's statement also contained a request for parenting and anger management classes, defendant's social worker, called as a witness by the People, testified that defendant had previously attended parenting classes where the topics addressed included the serious consequences of shaking a baby.

Our "objective assessment of the degree of risk presented by defendant's reckless conduct" (*People v Register*, 60 NY2d 270, 277, *cert denied* 466 US 953) reveals that defendant's conduct and the catastrophic consequences of that conduct, including broken bones, a cigarette burn and permanent brain damage,

constituted "conduct so wanton as to display indifference to human life" (*People v Parrotte*, 267 AD2d 884, 886, *supra*; *see*, *People v Goodridge*, 251 AD2d 85; *People v Jones*, 236 AD2d 217, *lv denied* 89 NY2d 1036; *People v Nix*, 173 AD2d 285, *lv denied* 78 NY2d 971). Defendant's admitted continued brutality of her son amounts to "conduct of graver culpability" and "fits within the accepted understanding of the kind of recklessness involving a 'depraved indifference to human life' " (*People v Poplis*, 30 NY2d 85, 88) and, when considered in light of her previous parenting classes, establishes that she knew or should have known that her actions created a grave risk of death to her helpless six-month-old infant son.

Additionally, contrary to defendant's claim, our independent review of the trial evidence (*see*, *People v White*, 261 AD2d 653, 656, *lv denied* 93 NY2d 1029), weighing the " 'probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), reveals that the jury's verdict convicting defendant of assault in the first degree was consistent with the overwhelming weight of the evidence.

Defendant next argues that County Court erred by refusing to charge assault in the third degree as a lesser included offense of assault in the first degree. A jury charge on a lesser included offense requires a defendant to "establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct [and] there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135; *see*, *People v Glover*, 57 NY2d 61, 63). Defendant points out that it was not possible for her to have committed first degree depraved indifference assault (Penal Law § 120.10 [3]) without simultaneously having committed third degree reckless assault (Penal Law § 120.00 [2]), thereby satisfying the first test (*see*, *People v Van Norstrand*, *supra*, at 136). She claims, however, that even if the proof was sufficient to support her conviction for the greater crime, it was possible for the jury to reasonably view the evidence and conclude that while she was aware that shaking her infant son may cause him physical injury, there was a reasonable doubt as to whether she knew that shaking him created a grave risk of death to the infant which she consciously disregarded, thus requiring County Court to charge third degree reckless assault (*see*, *id.*). We disagree.

Even viewing the evidence in a light most favorable to defen-

dant (*see, People v Henderson*, 41 NY2d 233, 236; *see also People v Battle*, 22 NY2d 323; *People v Galvin*, 104 AD2d 527, 528, *mod* 65 NY2d 761), we nevertheless find that County Court, on the facts of this case, correctly refused to charge assault in the third degree as a lesser included offense of assault in the first degree. The decision in *People v Van Norstrand* (*supra*), cited by defendant in support of her position, is distinguishable as that case involved a single incident where a defendant lost his temper due to fatigue and stress and shook his four-month-old son. The Court of Appeals found that this conduct, when reasonably viewed, could support a finding that the defendant was not aware that his actions presented a grave risk of death. No view of the facts found in the case here could be deemed similarly reasonable, as prior to this incident defendant had undergone parenting classes which included instruction and a video, imparting upon defendant knowledge of the serious consequences of shaking an infant, the same type of action she admitted engaging in with her infant son. Additionally, in a factually similar case, involving a conviction for assault in the first degree resulting from the violent shaking of an infant who had been previously subjected to similar conduct, the Second Department found no reasonable view of the evidence that would support a conviction on the lesser charge of assault in the third degree (*see, People v Nix*, 173 AD2d 285, 286, *supra*). Consequently, on this record, we find no error in County Court's refusal to charge assault in the third degree as a lesser included offense of assault in the first degree.

Finally, defendant challenges her sentence as harsh and excessive. In support of her claim that County Court abused its discretion by imposing the maximum sentence for each of her convictions, defendant cites her age, instances where more lenient sentences were imposed for convictions for depraved indifference assault in the first degree (*see, People v Goodridge*, 251 AD2d 85, *supra*; *People v Jones*, 236 AD2d 217, *supra*) and the fact that her sentence was five times more severe than the statutory minimum. Where a sentence is in the permissible range contemplated for the crime, we will not disturb it absent an abuse of discretion by the sentencing court or the existence of extraordinary circumstances warranting our intervention (*see, People v Schultz*, 273 AD2d 508). Contrary to defendant's claim, our review of the record reveals no abuse of discretion by County Court in sentencing defendant nor any other infirmity or circumstance which would prompt us to disturb the sentences imposed (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872).

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.