■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK PEREIRA, Appellant. [745 NYS2d 195] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered February 21, 2001, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There is no merit to the defendant's contention that the evidence was legally insufficient to establish that he acted recklessly under circumstances evincing a depraved indifference to human life, elements necessary to be proven to establish his guilt of assault in the first degree (*see* Penal Law § 120.10 [3]). The defendant placed a loaded gun against a friend's mouth and the gun discharged, a bullet shattering multiple teeth before lodging itself in the back of the neck next to the spinal cord. A firearms expert, who test-fired the gun, testified at trial that the gun was operable and had a light trigger pull, meaning that it could discharge easily, although the gun did not "cycle reliably." The defendant claimed that he did not believe the gun worked. Based on this evidence, the People proved beyond a reasonable doubt that the defendant acted recklessly under circumstances evincing depraved indifference to human life (*see People v Cole,* 85 NY2d 990, 992; *People v Roe,* 74 NY2d 20, 24-25; *People v Register,* 60 NY2d 270, 276, *cert denied* 466 US 953; *People v Paul,* 209 AD2d 447). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.