■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLIN JOSE ABREU-GUZMAN, Also Known as JOSE ABRUE and JOSE ABREU, Appellant. [835 NYS2d 90]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered February 26, 2004, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The court, in a thorough, well-reasoned decision, properly denied defendant's motion to suppress statements he made to the police and an Assistant District Attorney. There is no basis for disturbing the court's determinations concerning the evaluation of conflicting expert testimony. The record supports the court's finding that despite defendant's limited intelligence, he understood the immediate meaning of the *Miranda* warnings and made a knowing and intelligent waiver of his rights (*see People v Williams*, 62 NY2d 285 [1984]).

The verdict was based on legally sufficient evidence. To the extent that defendant is arguing that his second-degree (reckless) manslaughter conviction must be reversed because the evidence was only consistent with an intentional act, we reject that argument. The evidence, with particular reference to defendant's statements, permitted the jury to reasonably conclude that even if defendant had originally been part of a plan to kill the victim, he lacked any homicidal intent at the actual time of the shooting, but instead, under pressure from the other participant, fired the fatal shot in the victim's direction without looking. Thus the jury could have found that defendant's actions were reckless (*see People v Atkinson*, 7 NY3d 765 [2006]; *see also People v Claudio*, 135 AD2d 358 [1987]).

The court, which submitted second-degree manslaughter as a lesser included offense of depraved indifference murder, properly declined to further charge criminally negligent homicide. Viewing the evidence in a light most favorable to defendant, there

was no reasonable view of the evidence to support such charge. Under the view of the evidence discussed above, there was no basis for a finding that defendant's conduct was anything less than reckless. Defendant nevertheless posits a theory that he did not fire a weapon at all, that he was only liable as an accessory for the other participant's conduct, and that his culpable mental state in rendering aid to the alleged actual killer was merely criminal negligence. Other than by unfounded speculation, the jury would have had no basis upon which to dissect the evidence and reach such a conclusion (*see People v Negron*, 91 NY2d 788, 792-793 [1998]).

The trial court did not err in refusing to charge the jury that it had to determine unanimously that defendant's statement was voluntarily made (*see Commonwealth v Watkins*, 425 Mass 830, 834-836, 683 NE2d 653, 656-658 [1997], *denial of habeas corpus affd on other grounds sub nom. Watkins v Murphy*, 292 F3d 70 [1st Cir 2002]; *cf. Richardson v United States*, 526 US 813, 817 [1999]; *cf.* CPL 710.70 [3]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.