THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARELIS MORA, Appellant. [868 NYS2d 722]—

Contrary to the defendant's contention, a review of the totality of the circumstances (*see People v Mateo,* 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]), demonstrates that her oral and written statements to the police were not involuntarily made (*see* CPL 60.45 [1]). According to the testimony adduced at the *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]), the defendant was afforded *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) before giving both her oral and written statements. An interview of the defendant conducted by a detective occurred during the span of a little more

than an hour. The defendant was provided food and water, permitted to go to the bathroom on several occasions, and was neither threatened nor abused. While the Spanish-speaking defendant's written statement was transcribed in English by the interviewing detective, the statement was not thereby rendered inadmissible since he read it back to her in Spanish before she signed and adopted the statement as her own (*see People v Fabricio,* 307 AD2d 882, 883 [2003], *affd* 3 NY3d 402 [2004]; *People v Montero,* 273 AD2d 128 [2000]; *People v Ventura,* 250 AD2d 403, 404 [1998]; *see also People v Buckley,* 299 AD2d 417 [2002]). Accordingly, that branch of the defendant's omnibus motion which was to suppress her oral and written statements to police was properly denied (*see People v Elliott,* 39 AD3d 663 [2007]; *People v Sanchez,* 212 AD2d 744 [1995]; *People v Sohn,* 148 AD2d 553, 556-557 [1989]).

The trial court providently exercised its discretion in permitting the People to conduct a Powerpoint presentation illustrating and demonstrating the injuries and mechanics associated with shaken baby syndrome (*see People v Yates,* 290 AD2d 888, 889-890 [2002]). As the trial court correctly concluded, the probative value of the presentation outweighed its prejudicial effect (*see generally People v Scarola,* 71 NY2d 769, 777 [1988]; *People v Acevedo,* 40 NY2d 701, 704 [1976]). Moreover, any resultant prejudice was minimized by the court's limiting instruction to the jury (*see People v Yates,* 290 AD2d at 890).

The defendant also contends that the trial court improvidently exercised its discretion in permitting an expert witness to shake his coat in order to demonstrate the amount of force necessary to inflict shaken baby syndrome. However, the defendant's contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Herr,* 203 AD2d 927, 928 [1994], *affd* 86 NY2d 638 [1995]). In any event, the trial court providently exercised its discretion in permitting such a demonstration (*see People v Kendall,* 254 AD2d 809, 810 [1998]).

The defendant contends that it was error for the trial court to deny her request to charge manslaughter in the second degree (Penal Law § 125.15) and criminally negligent homicide (Penal Law § 125.10) as lesser included offenses of depraved indifference murder of a person less than 11 years old (Penal Law § 125.25 [4]). However, viewed in the abstract (*see People v Glover,* 57 NY2d 61, 64 [1982]), it is theoretically possible to commit the crime of depraved indifference murder under Penal Law § 125.25 (4) without committing the crime of manslaughter in the second degree (*see* CPL 1.20 [37]; *People v Ramirez,* 55 NY2d 708, 710 [1981]; *People v Heslop,* 48 AD3d 190, 193-196

[2007]; *People v Robinson,* 278 AD2d 798 [2000]). With respect to the defendant's contentions concerning criminally negligent homicide, there was no reasonable view of the evidence that supported a finding that her conduct fell within the definition of each of the elements of that crime (*see* CPL 300.50 [1]; *People v Abreu-Guzman,* 39 AD3d 413, 413-414 [2007]; *People v Singleton,* 272 AD2d 561, 562 [2000]; *People v Thomches,* 172 AD2d 786 [1991]).

The defendant's generalized motion to dismiss made at the conclusion of the People's case was insufficient to preserve her challenge to the legal sufficiency of the evidence (*see People v Gray,* 86 NY2d 10, 19 [1995]; *People v Rivera,* 38 AD3d 1289 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Goodridge,* 251 AD2d 85 [1998]; *People v Jones,* 236 AD2d 217, 218 [1997]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Goodridge,* 251 AD2d 85 [1998]; *People v Jones,* 236 AD2d 217 [1997]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.