■ In the Matter of DASHAWN W. and Others, Children Alleged to be Abused. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; ANTOINE N., Respondent, et al., Respondent. [902 NYS2d 516]—

Order of fact-finding, Family Court, New York County (Sara P. Schechter, J.), entered on or about February 28, 2008, which, insofar as appealed from, dismissed the charge of severe abuse against respondent father as to the child Jayquan N., unanimously reversed, on the law, without costs, and the matter remanded for further proceedings to determine whether the agency exercised diligent efforts or whether such efforts should be excused.

The court believed that *People v Suarez* (6 NY3d 202 [2005]), a criminal case that noted that conduct evincing a depraved indifference to human life generally cannot occur in a one-on-one situation, constrained it from making a finding of severe abuse pursuant to Family Court Act § 1051 because there was insufficient evidence to determine whether the father's conduct—causing his five-month-old baby to sustain, on separate occasions, a fractured clavicle and four to seven broken ribs—evinced a depraved indifference to the life of the child. However, the definition of severe abuse set forth in Social Services Law § 384-b (8) (a) encompasses conduct which is either intentional or reckless, unlike Penal Law §§ 125.25 (1) and (2), which, pursuant to *Suarez*, are almost always mutually exclusive. In any event, *Suarez* recognized that in cases involving abused children, conduct evincing depraved indifference to human life may be present in a one-on-one situation (6 NY3d at 213).

Clear and convincing evidence established that the baby sustained the serious physical injuries while in the care of the father, and the parents failed to provide an adequate explanation. Additionally, the court was entitled to draw the strongest negative inference against the father based on his failure to testify in the proceedings (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79-80 [1995]). The father's conduct directed at the infant was sufficient to demonstrate depraved indifference to the child's life (*see People v Goodridge*, 251 AD2d 85 [1998]).

However, due to the court's misinterpretation of *Suarez*, it never reached the issue of whether the agency exercised diligent efforts to strengthen the parental relationship (*see* Social Services Law § 384-b [8] [a] [i], [iv]). The matter should be remanded for further proceedings to determine if the agency exerted such efforts or whether such efforts are excused, since a finding of severe abuse is admissible in a subsequent proceeding to terminate parental rights (*see Matter of Leon K. [Marilyn O.]*, 69 AD3d 856, 857 [2010]). Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ.