■ In the Matter of DASHAWN W. and Others, Children Alleged to be Abused. ANTOINE N., Appellant; RONNELLE B., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [937 NYS2d 183]—

Family Court properly determined, in light of this Court's prior determination that there was clear and convincing evidence that the child Jayquan N. was "severely abused" as that term is defined by Social Services Law § 384-b (8) (a) (i) (*see Matter of Dashawn W. [Antoine N.]*, 73 AD3d 574 [2010], *lv dismissed* 16 NY3d 767 [2011]), that such "[a]ggravated circumstances" (Family Ct Act § 1012 [j]) excused ACS from exercising diligent efforts to reunite the father with the child because such efforts would be detrimental to the best interests of the child and are unlikely to be successful in the foreseeable future (Family Court Act § 1039-b [b] [1]; *see Matter of Marino S.*, 100 NY2d 361 [2003]; *Matter of Stephiana UU.*, 66 AD3d 1160, 1165 [2009]).

We reject the father's attempt to characterize the Family Court's proceedings conducted pursuant to this Court's remand as a wholly distinct and separate hearing. The Family Court's proceeding constituted a continuation of the prior fact-finding hearing in light of this Court's clarification on an issue of law (*see* 73 AD3d at 575). Moreover, the father's argument that Family Court exceeded its authority by failing to make a reasonable efforts finding simultaneously with a severe abuse finding is also unavailing and, in any event, is precluded under the law of the case doctrine since it was raised and rejected on the prior appeal.

We have considered the father's remaining contentions and find them unavailing. Concur—Tom, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.