■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD COLBERT, Appellant. [998 NYS2d 366]—

Judgment, Supreme Court, Bronx County (Robert K. Holdman, J.), rendered May 26, 2011, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). The evidence overwhelmingly supports the jury's determination that defendant acted with the requisite intent to cause serious physical injury to the decedent.

The trial court properly refused to give a jury instruction on intoxication and to submit the lesser included offenses of manslaughter in the second degree and criminally negligent homicide. Viewing the evidence in the light most favorable to defendant, as we must, there was no reasonable view of the evidence that defendant was intoxicated to the point that he was unable to form the intent to cause serious physical injury. Nor is there a reasonable view of the evidence that he acted intentionally as to the attack on the decedent but negligently or recklessly as to the risk of death (*see People v Abreu-Guzman*, 39 AD3d 413, 413-414 [2007], *lv denied* 9 NY3d 872 [2007]). Simply put, there is no view, let alone a reasonable view, of the evidence that would permit a jury to find that defendant did not act with the requisite intent or did not share that of his codefendant with whom he acted in concert in this brutal attack on the decedent. The evidence—including testimony of an eyewitness to key aspects of the attack, defendant's written and videotaped statements in which he admits, among other things, to delivering eight to ten punches to the point where the decedent was no longer fighting back, the DNA evidence, and the corroborating testimony of the police officers who arrived on the scene shortly after defendant and his codefendant attempted to flee—could only support a finding that defendant acted with the requisite intent to cause serious physical injury. That defendant was not connected to the use of a weapon to stab the decedent, as opposed to the codefendant, does not require a contrary finding.

514

We perceive no basis for a reduction in defendant's sentence. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.