The People of the State of New York, Respondent, v Lawrence Johnson, Appellant. [7 NYS3d 106]—

Judgment, Supreme Court, Bronx County (Seth L. Marvin, J., at suppression hearing; Peter J. Benitez, J., at jury trial and sentencing), rendered August 13, 2012, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court's suppression rulings were proper. The initial police questioning at issue did not require *Miranda* warnings, because a reasonable innocent person in defendant's position would not have thought he was in custody (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Defendant agreed to accompany the police to the police station, where the questioning at issue was investigatory. When viewed as a whole, the police conduct, including any restrictions on defendant's movements within the station house, did not convey to defendant that he was being prevented from leaving the building. The court also properly determined, after weighing the relevant factors (*see People v Paulman*, 5 NY3d 122, 130-131 [2005]), that defendant's videotaped statement to an Assistant District Attorney was attenuated from certain statements to the police that the court had suppressed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's evaluation of defendant's confession and the medical evidence. The evidence supports the conclusion that defendant committed depraved indifference murder, of the type discussed in

*People v Barboni* (21 NY3d 393, 402-403 [2013]). Defendant brutally and repeatedly struck his three-month-old daughter in the head while she was lying in her bassinet, and then failed to seek medical attention. The jury could have reasonably inferred that defendant knew that the type of blows he inflicted on such a young child would require emergency treatment.

The lack of a jury instruction on corroboration of defendant's confession (*see* CPL 60.50) was harmless in light of the independent evidence clearly establishing that the offense had been committed (*see People v Rosado,* 194 AD2d 466 [1st Dept 1993], *lv denied* 82 NY2d 725 [1993]).

The court properly denied defendant's CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered evidence since defendant failed to establish, among other things, that the medical evidence could not have been discovered earlier by the exercise of due diligence and that it created a probability of affecting the verdict. Defendant did not establish any other legal basis for setting aside the verdict, or any need for an evidentiary hearing.

The court properly declined to submit criminally negligent homicide as a lesser included offense (*see People v Abreu-Guzman,* 39 AD3d 413, 413-414 [1st Dept 2007], *lv denied* 9 NY3d 872 [2007]; *see also People v Nieves,* 136 AD2d 250, 258-259 [1st Dept 1988]).

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.

---

Motion to strike portions of the People's brief granted to the extent consented to by the People, and otherwise denied.