Matter of S.F. v Navasia A.J. (2024 NY Slip Op 04905)

Matter of S.F. v Navasia A.J.

2024 NY Slip Op 04905

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Docket No. 07508-9/21, 09602/22 Appeal No. 2717 Case No. 2023-05790 

[*1]In the Matter of S.F., and others, Children Under the Age of Eighteen Years, etc., Administration for Children's Services, Petitioner-Respondent,
v
Navasia A.J., Respondent-Appellant, Paul F., Nonparty-Respondent, Julius B., Nonparty-Respondent.

Leslie S. Lowenstein, Woodmere, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for Administration for Children's Services.
Andrew J. Baer, New York, for Paul F., respondent.
Karen D. Steinberg, New York, attorney for the child, S.F.
Steven P. Forbes, Huntington, attorney for the child, J.J.
Aleza Ross, Patchogue, attorney for the child, R.M.,

Appeal from orders of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about October 25, 2023, October 26, 2023, and November 2, 2023, which, to the extent appealed from as limited by the briefs, did not provide the mother with a specific visitation schedule for the children, unanimously dismissed, without costs.
The three dispositional orders were entered upon the mother's consent, after full and active participation at the proceedings to determine visitation and custody. As a result, the mother is not an aggrieved party within the meaning of CPLR 5511 (see Matter of Desmond S., 97 NY2d 693, 693 [2002]). The transcript of the dispositional hearing shows that the mother consented to the terms of the orders issued as to two of the subject children, S.F. and J.J., and neither of those orders provided for visitation. Indeed, the mother never requested visitation with S.F. and acknowledged on the record that she would have to petition for visitation with J.J. In addition, the dispositional order issued for R.M., the third child, provides for visitation with the mother at the facility where she is incarcerated, which is what she requested and agreed to.
Even if we were to consider the merits, we would affirm the orders, as Family Court providently exercised its discretion in declining to grant the mother regularly scheduled visitation or contact with the children. The court was entitled to draw the strongest negative inference against the mother on the issue because she failed to testify at the dispositional hearing (see Matter of Dashawn W. [Antoine N.], 73 AD3d 574, 575 [1st Dept 2010], lv dismissed 16 NY3d 767 [2011]). Furthermore, Family Court appropriately considered the recommendations of the attorneys assigned to the children in fashioning dispositional orders in the children's best interests in light of the fact that the mother was indicted for murder in connection with the death of the children's sibling, and was incarcerated at the time of the hearing.
We have considered the mother's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024